### 58091. ALMOND v. THE STATE.

BIRDSONG, Judge.
The defendant was convicted of an unlawful attempt to acquire the possession of morphine by misrepresentation, fraud, forgery, deception, and subterfuge in violation of the Georgia Controlled Substances Act. On appeal, defendant contends only that the evidence was insufficient to authorize her conviction in that there was no evidence that she had knowledge that a prescription she presented to an Athens druggist for paregoric, a controlled substance that contains morphine, was a forgery. The state's evidence showed that defendant entered a pharmacy in Athens; that she presented a prescription to a pharmacist made out for "Helen Hicks" and the physician purportedly signing the prescription was "Dr. Clinton E. Warner" of Atlanta. When asked for identification, defendant left the store, returned in a few minutes and presented a driver's license issued to "Lorenzo Kemp" and stated that she could not find an identification card but "this was the ID" of the individual who had driven her to Athens who was sitting outside in an automobile. Evidence was presented which proved that the driver was not Lorenzo Kemp but Fred Riley. The state further established that Dr. Warner did not sign this prescription. A state handwriting analyst testified that an examination of known exemplars of defendant with the prescription revealed "gross similarities" and the

expert gave his opinion that the defendant probably wrote the prescription. Defendant testified that she had been given the prescription by Riley to take into the store in order to have it filled, and she denied writing the prescription. *Held:*

The above evidence while circumstantial was sufficient to authorize the jury to find each element of the crime charged in the indictment to include that defendant had knowledge that the prescription was a forgery. "On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. *Clenney v. State,* 229 Ga. 561 (2) (192 SE2d 907) (1972); *Geter v. State* 219 Ga. 125, 133 (132 SE2d 30) (1963); *Hogan v. State,* 221 Ga. 9, 12 (142 SE2d 778) (1965)." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 17, 1979.

*Dorothy D. Atkins,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.