66055. HORNE v. C & S BANK OF COLQUITT COUNTY.
66056. PILCO PLANTATION, INC. et al. v. CLARK.

McMURRAY, Presiding Judge.

These two cases are similar in that they arise out of almost identical facts involving convoluted transactions by and between Sunbelt Agri-Sales Company (also shown as Sunbelt Agri-Sales Company, Inc.) and Ralph T. Clark, d/b/a Sunbelt Irrigation Sales. Clark was the financial advisor and sometimes "controller" of Sunbelt Agri-Sales Company, "to guarantee [Sunbelt Agri-Sales Company's] credit line," although he was not an officer or director. Sunbelt Agri-Sales Company (also Sunbelt Agri-Sales Company, Inc.) was in the business of selling irrigation equipment to farmers. With reference to the above cases irrigation equipment was sold to Pilco Plantation, Inc. and also to Donald Horne. As to each of these sales of irrigation equipment certain checks (for $26,900 dated September 17, 1981, and $40,000 dated September 18, 1981, written by Pilco Plantation, Inc. to "Sunbelt Agri-Sales Co." and a check for $64,000 dated October 27, 1981, from Donald Horne) were delivered to agents for Sunbelt Agri-Sales Company.

Generally, in order to control the business operations, certain checks and other transactions of Sunbelt Agri-Sales Company delivered to it in payment of goods and services would be endorsed over to Ralph Clark, d/b/a Sunbelt Irrigation Sales. Clark had no written agreement with the Sunbelt Agri-Sales Company but he had a checking account d/b/a Sunbelt Irrigation Sales, used by him to pay certain debts of Sunbelt Agri-Sales Company which had no control of said account.

The irrigation equipment was manufactured for Sunbelt Agri-Sales Company by Valmont Industries. Apparently, the irrigation equipment purchased by both Horne and Pilco Plantation, Inc. was ordered by Sunbelt Agri-Sales Company from Valmont Industries but all of same was never delivered or paid for by anyone. Valmont Industries is not involved in this litigation in any way but is only mentioned to show the convoluted nature of the transactions by

and between Clark, d/b/a Sunbelt Irrigation Sales, and Sunbelt Agri-Sales Company (or in its corporate capacity). Generally, Clark, d/b/a Sunbelt Irrigation Sales was authorized by the officers of Sunbelt Agri-Sales Company, Inc. (or the owners or partners thereof, if in fact its corporate entity was never established or later established) to deposit funds of Sunbelt Agri-Sales Company to his account, Ralph T. Clark, d/b/a Sunbelt Irrigation Sales. As a rule, the checks were brought into the offices of the company, listed as a payment so that they could be accounted for in the bookkeeping system, then endorsed by Sunbelt Agri-Sales Company by stamp or signed by certain employees or agents and then turned over to Clark to make a deposit to the account of Ralph T. Clark, d/b/a Sunbelt Irrigation Sales. However, Clark was not authorized to deposit checks to his account without the Sunbelt Agri-Sales Company endorsement. Clark then used the funds to pay the operating bills and the invoices of Sunbelt Agri-Sales Company. This method of payment, however, was not used to pay Valmont Industries but generally to handle the payroll and taxes for the benefit of Sunbelt Agri-Sales Company, as "the credit line for operating expenses for Sunbelt Agri-Sales."

The funds available to Sunbelt Agri-Sales Company simply became insufficient to go around to pay all expenses, and it later became defunct.

Donald Horne and Pilco Plantation, Inc., not having received all of the equipment purchased and determining that their checks issued to "Sunbelt Agri-Sales Co." were not endorsed by the payee but by Ralph Clark, d/b/a Sunbelt Irrigation Sales and deposited to that account with C & S Bank of Colquitt County, separately sued this bank for the amounts of the checks, plus the legal rate of interest thereon. Both suits were filed on March 8, 1982. In each of these cases a third party action was brought by the defendant bank against Ralph T. Clark.

The defendant answered in substance denying the claim but admitting either in the answer or through discovery that these checks were not endorsed by the payee Sunbelt Agri-Sales Company but endorsed and deposited to the account of Ralph Clark, d/b/a Sunbelt Irrigation Sales, contending this account was used for the purposes of paying the obligations of Sunbelt Agri-Sales Company and used for the benefit of the named payee. The genuineness of the documents (the checks) involved in the suits was established as having been deposited by Ralph T. Clark, d/b/a Sunbelt Irrigation Sales without endorsement by the payee, but the defendant contends the account was in fact "the account of Sunbelt Agri-Sales Co., Thomasville, Georgia." In its answer the defendant also contended that the

plaintiffs failed to give notice within a reasonable time of the alleged improper endorsement of the checks in question, and plaintiffs are estopped to assert any claim against the defendant bank and further that the plaintiffs were aware of the business relationship between Sunbelt Agri-Sales Company and Ralph T. Clark, d/b/a Sunbelt Irrigation Sales and had treated them interchangeably and as being the same entity and are therefore estopped to deny the authority of Ralph T. Clark, d/b/a Sunbelt Irrigation Sales to obtain the funds in question.

After discovery, all parties involved moved for summary judgment, and after a hearing and consideration of all the admissions of fact, affidavits and depositions, the defendant's motion for summary judgment was granted, the motions of the plaintiffs were denied, and the motion of the third party defendant Clark was declared to be moot by reason of the grant of summary judgment in favor of the defendant-third party plaintiff (the bank). Plaintiffs appeal. *Held:*

1. It has been held by the Supreme Court of Georgia in *Trust Co. of Columbus v. Refrigeration Supplies,* 241 Ga. 406, 408 (246 SE2d 282), that in the issuance of checks it is the maker's exclusive privilege to designate the payees of his checks, " 'and it is not the prerogative of one who accepts and pays it to question whether the maker had sufficient reason for doing so . . . [and] in accepting the check, it is . . . [the duty of one who accepts it] to comply with the direction of the maker to "pay to the order of" the named payees,'" quoting from Pacific Metals Co. v. Tracy-Collins Bank &c. Co., 21 Utah 2d 400, 402, 403 (446 P2d 303). The Supreme Court of Georgia said it agreed with the language of the Supreme Court of Utah in that case. In the *Trust Co. of Columbus* case it was declared that all payees must endorse unless the check is payable to those payees in the alternative and that "a bank is not authorized in accepting and paying it except upon the endorsement of all the payees." The primary issues in that case were in respect to the liabilities of a collecting or cashing bank and a drawee (or payor) bank to the joint payee of a check which was cashed without the payee's endorsement. In *Ins. Co. of North America v. Atlas Supply Co.,* 121 Ga. App. 1 (2), 4-5 (172 SE2d 632), this court held that a collecting bank is subject to suit by a drawer seeking damages for breach of warranty resulting from the bank's payment of a check on the endorsement of less than all of the joint payees. See also *Trust Co. Bank v. Atlanta IBM Employees Fed. Credit Union,* 245 Ga. 262, 263 (264 SE2d 202).

Unlike the above cases, the cases sub judice do not involve two payees, but one payee, "Sunbelt Agri-Sales Co.," in which checks were cashed by Ralph T. Clark for deposit to his account and that of

his business, Sunbelt Irrigation Sales. The defendant herein, as to the checks in question, having admitted it accepted, paid and deposited the checks to Clark's account without the payee's endorsement, breached the warranty created by law now found in OCGA § 11-4-207 (formerly Code Ann. § 109A-4—207 (Ga. L. 1962, pp. 156, 292)) in failing to obtain the proper endorsement on the checks involved. Its defense, however, was that the account to which it credited the funds without endorsement by the payee is in fact, the account of Sunbelt Agri-Sales Company, Thomasville, Georgia and the funds were used for the purposes of paying the obligations of that company and used for the benefit of the named payee; the plaintiffs failed to give notice within a reasonable time of the alleged endorsement of the checks in question and are estopped to assert any claims against the defendant; and, further, the plaintiffs were aware of the business relationship between Sunbelt Agri-Sales Company and Ralph T. Clark d/b/a Sunbelt Irrigation Sales and had treated these companies interchangeably and as being the same entity, hence they were estopped to deny the authority of Clark to obtain the funds in question. By reason of the above cases we, therefore, proceed to determination of whether or not there remain any genuine issues as to any material facts with reference to the defenses so as to entitle the defendant to judgment as a matter of law.

2. There exists some testimony here that Clark did use the funds for payment of the debts of the payee, Sunbelt Agri-Sales Company, but the account clearly was not that of Sunbelt Agri-Sales Company which had not authorized Clark to cash its checks in this manner. Only after accounting for same and endorsement over to Clark was Clark to use the funds to pay certain operating bills and invoices of Sunbelt Agri-Sales Co. Thus, a question of fact exists as to whether all of the funds deposited by Clark were used for the benefit of his principal, Sunbelt Agri-Sales Company or whether he could divert these funds, even though he contends all such funds were used for the benefit of the principal. There was testimony that the company did not receive these funds and there is a dispute between these companies (Clark and Clark d/b/a Sunbelt Irrigation Sales and Sunbelt Agri-Sales Company) as to their respective business affairs and there is litigation between them as to same. There is also a dispute between the payee, "Sunbelt Agri-Sales Co.," and the defendant. The plaintiffs contend they suffered losses by reason of the method of cashing these checks in violation of the law, and the record before us is totally silent that the plaintiffs were aware of the business relationship between Sunbelt Agri-Sales Company and Ralph T. Clark d/b/a Sunbelt Irrigation Sales and had treated these companies interchangeably as being the same entity. On motion for

summary judgment the burden of proof is on the moving party and does not shift to the respondent until a prima facie right to such judgment is shown. Having admitted a prima facie case in the cashing of these checks the defendant was then required to prove its defenses so as to demand judgment in its favor. See *Intl. Systems v. City of Jackson,* 161 Ga. App. 423, 425 (2) (288 SE2d 344), and cases cited therein such as *Columbia Drug Co. v. Cook,* 127 Ga. App. 490 (194 SE2d 286); *Stephens County v. Gaines,* 128 Ga. App. 661 (1) (197 SE2d 424); *Ramseur v. American Mgt. Assn.,* 155 Ga. App. 340 (270 SE2d 880). See also *Guthrie v. Monumental Properties,* 141 Ga. App. 21, 22 (232 SE2d 369); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178); *Pippins v. Breman,* 152 Ga. App. 226, 228 (262 SE2d 477); *Raulerson v. Bland,* 153 Ga. App. 523 (265 SE2d 822); *Ellington v. Tolar Constr. Co.,* 237 Ga. 235, 237-238 (227 SE2d 336); *Refrigeration Supplies v. Bartley,* 144 Ga. App. 141 (1) (240 SE2d 566); s.c. 241 Ga. 406, 408, supra. The trial court erred in granting summary judgment in favor of the defendant.

We note here that under OCGA § 11-4-406 (formerly Code Ann. § 109A-4—406 (Ga. L. 1962, pp. 156, 305; 1963, pp. 188, 192)), a customer owes certain duties (in the cases sub judice the customer being the plaintiff, maker) to discover and report any unauthorized signatures or endorsements. In sub-section (4) (b) the customer must discover and report any alteration or unauthorized endorsement to his bank within one year from the time of receipt of the statement in which such items (checks) are made available to the customer and in failing to do so he is "precluded from asserting against the bank such ... unauthorized indorsement." In *Trust Co. Bank v. Atlanta IBM Employees Fed. Credit Union,* 245 Ga. 262, 263, supra, the Supreme Court of Georgia has held that a missing endorsement is equivalent to an unauthorized endorsement under the UCC 4-406, supra. In that case the drawer of a check was suing the collecting bank (similar to the cases sub judice) with reference to a missing endorsement. One of the defendant's defenses here involves estoppel in that the customer failed to notify its bank with reference thereto. But this defense is not meritorious in that suit here has been filed against a collecting and depositing bank within one year from the time of the making of the checks involved.

*Judgments reversed. Shulman, C. J., concurs. Birdsong, J., concurs in the judgments only.*

DECIDED JUNE 28, 1983 —

*Billy G. Fallin,* for appellants.

*James C. Whelchel, G. Keith Murphy,* for appellees.