68664. C & S BANK OF COLQUITT COUNTY v. PILCO
PLANTATION, INC.
68665. C & S BANK OF COLQUITT COUNTY v. HORNE.
68666. CLARK v. HORNE.
68667. CLARK v. PILCO PLANTATION, INC.
(325 SE2d 426)

SOGNIER, Judge.

This opinion consolidates appeals by C & S Bank of Colquitt County (C & S) and third party defendant, Ralph Clark d/b/a Sunbelt Irrigation Sales (hereinafter Clark) from judgments in favor of Donald Horne and Pilco Plantation, Inc. (Pilco) and third party plaintiff, C & S. Horne and Pilco were the drawers of a number of checks made out to payee Sunbelt Agri-Sales Company (Agri) which were deposited by C & S without proper endorsement into the account of Clark. After this court reversed a grant of summary judgment to C & S (see *Horne v. C & S Bank,* 167 Ga. App. 187 (305 SE2d 897) (1983) and the facts detailed therein), the trial court sitting without a jury found in favor of Pilco for $66,900 and Horne for $25,000 and in favor of C & S in its third-party complaint against Clark.

1. C & S contends the trial court erred by failing to find that Pilco treated Agri and Clark interchangeably and was thus estopped to deny Clark's authority over the funds. The testimony cited by C & S in support of this argument involved an earlier and unrelated contact between the parties. We agree with the trial court that nothing in

the record indicates Pilco treated Clark and Agri interchangeably in relation to the transaction which was the basis for Pilco's suit; rather, the evidence supports the trial court's finding that Pilco did not treat Clark and Agri interchangeably. "Findings of fact made by the trial court when trying a case without a jury will not be disturbed if there is 'any evidence' to support them. [Cit.]" *High Point &c. Co. v. George Hyman &c. Co.*, 164 Ga. App. 706, 708 (2) (297 SE2d 757) (1982).

2. C & S contends the trial court erred by failing to find that all the funds represented by Pilco's and Horne's checks were used for Agri's benefit or that Pilco's funds failed to reach the intended payee, Agri. There is no merit to these enumerations since the record does not support C & S's arguments that all the funds were traced to the intended payee. The discrepancy in the evidence between the amount of the checks drawn by Pilco and Horne and the amounts which C & S claims were traced to Agri is more than sufficient to affirm the trial court's judgment.

" 'An appellate court will not disturb the fact findings of a judge sitting without a jury if there is any evidence to support them, unless they are clearly erroneous.' [Cit.]" *Sineath v. Lane Co.*, 160 Ga. App. 402, 404 (287 SE2d 341) (1981).

3. C & S contends the trial court erred in its determination of the amount of the verdict awarded to Horne. We agree. Horne's evidence of loss consisted of two receipts for equipment purchased when the irrigation equipment for which he had written a check to Agri failed to arrive. The receipts totaled $24,894. Further, Horne testified at trial that a pump which constituted $3,500 of that amount was not purchased for replacement purposes. Thus the evidence adduced at trial supports an award only as to $20,944. Therefore, this court will direct that the sum of $4,056 be written off of the verdict and judgment in favor of Horne. See *McDaniel v. Gysel*, 155 Ga. App. 111, 112 (5) (270 SE2d 469) (1980).

4. C & S contends the trial court erred by holding C & S liable for all amounts wrongfully deposited in Clark's account and by refusing to set-off from its verdict that amount of funds traced to the named payee's benefit. It is uncontroverted that C & S breached its obligation under the warranty provisions of OCGA § 11-4-207 when it accepted the drawers' checks, either without endorsement by the payee or with endorsements defective on their face, and then deposited the checks into the account of one other than the named payee. It was the duty of C & S to pay the funds collected by it to the order of or benefit of the named payee, Agri. *Horne*, supra; *Trust Co., Columbus v. Refrigeration Supplies*, 241 Ga. 406, 408 (246 SE2d 282) (1978). There is evidence to support the trial court's finding that had the funds been properly deposited to the named payee's account, the

irrigation equipment orders placed by the drawers would have been brought to the payee's attention and properly processed so that the drawers would not have incurred the damages for which they now sue. We are unpersuaded by C & S's unsupported argument that the result of its deliberate business decision in breaching the warranty provisions of OCGA § 11-4-207 by failing to examine incoming checks should be mitigated by Clark's actions — actions completely fortuitous as far as C & S was concerned — whereby some of the wrongfully deposited sums devolved to the benefit of the named payee. We are in complete agreement with the trial court's statement that since C & S calculated its risk of loss and still pursued this business method, it must now take its losses.

5. We find no merit in the enumerations of error raised by Clark as to the judgment entered against him in the third party complaint. Clark did not present any evidence at all on his own behalf during the trial and the evidence that was before the trial court, presented by C & S and the two drawers, was sufficient to support the judgment in favor of C & S in the third-party complaint. *High Point &c. Co.,* supra; *Sineath,* supra.

*Judgment affirmed in 68664, 68666 and 68667; affirmed in 68665 with direction to write off $4,056 of verdict and judgment. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 28, 1984 —
REHEARINGS DENIED DECEMBER 11, 1984 —

*John M. Carlton, Jr., James C. Whelchel,* for appellant (case nos. 68664, 68665).

*Billy G. Fallin, G. Keith Murphy,* for appellees (case nos. 68664, 68665).

*G. Keith Murphy,* for appellant (case nos. 68666, 68667).

*James C. Whelchel, Billy G. Fallin,* for appellees (case nos. 68666, 68667).