## 69518. LILLARD v. THE STATE.
(325 SE2d 903)

BANKE, Chief Judge.

Charles B. Lillard appeals his convictions of possessing diazepam and marijuana in violation of the Georgia Controlled Substances Act, giving a false name to police officers, and public drunkenness. *Held*:

1. The first enumeration of error is directed to the trial court's action in "overruling and denying appellant's motion for a new trial on all grounds thereof"; however, appellant has submitted no citation of authority or argument in support of this enumeration. Accordingly, it is deemed abandoned pursuant to Rule 15 (c) (2) of this court. Accord *Young v. Southern Bell &c. Co.*, 168 Ga. App. 40 (2) (308 SE2d 49) (1983). With regard to the sufficiency of the evidence, our review of the trial transcript convinces us that a rational trier of fact could have found the appellant guilty beyond reasonable doubt of each offense of which he was convicted. Accord *Dean v. State*, 168 Ga. App. 172 (1) (308 SE2d 434) (1983). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. The remaining enumeration of error concerns the court's action in responding to the jury's request for further instructions as to "what the state has to prove in this indictment, please, exactly what we have to find him guilty of . . ." This question was directed to the count of the indictment charging the appellant with unlawful possession of diazepam. Appellant appears to argue that in responding to the question the court committed reversible error by overemphasizing the state's theory of guilt.

The sole authority cited by the appellant in support of this enumeration is *United States v. Carter*, 491 F2d 625 (5th Cir. 1974), in

which the trial court, in response to a jury request that "circumstantial evidence be clarified for us," reiterated a previous charge on circumstantial evidence, then added two examples in which a jury could infer guilt by circumstantial evidence, one of which was quite similar factually to the case being tried. The fifth circuit held that although the charge on circumstantial evidence was not inherently favorable to either side, the trial court committed reversible error by overemphasizing the prosecution's side of the case in its examples and omitting any example in which the jury could return a finding in favor of the defendant. *United States v. Carter,* supra at 634. In the present case, the initial response of the trial court to the question by the jury was, "Well, you're to find him either guilty or not guilty of possession of a controlled substance, being diazepam, unlawfully possessing." The foreman then asked whether it was illegal to obtain that drug under a false name, whereupon the trial court responded that it was illegal to obtain a prescription drug using a false identification. The trial court's response to the jury's initial question did not unduly emphasize the state's theory of the case, and the response to the subsequent inquiry by the jury that it was illegal to obtain a prescription drug using a false identification was a correct statement of the law. See OCGA § 16-13-76; *Almond v. State,* 151 Ga. App. 382 (259 SE2d 738) (1979). The trial court did not err in limiting its response to the specific point requested by the jury. See *Parker v. State,* 169 Ga. App. 557 (2) (313 SE2d 751) (1984). Accordingly, this enumeration of error is likewise without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 16, 1985.

*William A. Alexander,* for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney,* for appellee.