## 70035. ALONSO v. HOSPITAL AUTHORITY OF HENRY COUNTY et al.

(332 SE2d 884)

BEASLEY, Judge.

This dispute arises out of the termination of an employment contract.

On June 4, 1979, the Hospital Authority of Henry County ("Authority") entered into an Agreement for Pathology Services with appellant Alonso, which provided that Dr. Alonso serve as chief pathologist for Henry General Hospital ("Hospital"). The agreement had been presented to the Authority by Alonso.

At the time the initial contract was due to expire, two years after its execution, Alonso negotiated unsuccessfully with the Authority for a five-year contract and then for a three-year one. There was a history of the contract being renegotiated each time it approached an annual anniversary. In anticipation of an anniversary, the contract was renegotiated and an amendment executed on March 15, 1982, regarding compensation, deductions for bad debt and the right of Alonso to operate an outside laboratory.

Apparently because of changes in Medicare/Medicaid reimbursement programs, the Authority initiated discussion with Alonso regarding a need for an agreement to allow for payment of the maximum allowable reimbursement. Alonso refused to enter into such an agreement.

On March 29, 1984, more than ninety days prior to the anniversary date of the agreement, the chairman of the Authority's board of trustees wrote to Alonso giving notice that the contract would be terminated on July 1, 1984, unless it was renegotiated. After extensive negotiation, a contract proposed by Alonso and his counsel was accepted by the Authority. Subsequently, Alonso refused to execute the agreement and the Authority began to negotiate for a pathologist to replace Alonso.

On June 6, 1984, Alonso filed a "Complaint and Petition for Declaratory Relief and Temporary Restraining Order" against the Authority and the members of its board of trustees.

On June 15, the trial court conducted a hearing at which the parties stipulated that their dispute centered around the construction and effect of paragraph 15, the "Term" paragraph in the employment agreement. At this hearing the parties merely stated their respective contentions regarding the construction of paragraph 15 and stipulated the introduction of certain written evidence. On June 22, the trial court entered an order concluding that the subject contract might be terminated only for "just cause" and upon timely written notice; it further determined that an evidentiary hearing would be required.

On June 27 appellee defendants filed a "Motion to Vacate Order

for Failure to Specify Findings of Fact and Conclusions of Law," a "Motion to Set Aside," and a "Motion for Reconsideration." A date on these motions was set for the evidentiary hearing provided for in the court's order of June 22. At a pretrial conference on June 26, the court indicated it would receive evidence on defendant's motions as well as evidence on the "just cause" issue on June 28. The court held this evidentiary hearing and entered an order containing detailed findings of fact and conclusions of law. It held, among other things, that the subject contract was properly terminated for just cause by the Authority and would be of no further effect after June 30. In light of this the court made no ruling on the defendant's motions and denied Alonso's prayer for a restraining order.

Alonso then filed a "Motion for Reconsideration; Motion to Vacate Judgment, and Motion for New Trial." On July 23, the court heard Alonso's motions and on August 10 overruled them "on each and every ground thereof." Alonso appeals. *Held:*

1. Appellant maintains that the trial court erred in granting defendants' motion to vacate the court's order of June 22 but the record shows the court did not grant this motion. The order of June 29 expressly stated: "the court makes no ruling on the defendants' motions."

Moreover, this enumerated error is unsupported by argument or citation of authority and is therefore deemed abandoned. Court of Appeals Rule 15 (c) (2); *Young v. Southern Bell Tel. &c. Co.,* 168 Ga. App. 40 (308 SE2d 49) (1983); accord *Lillard v. State,* 173 Ga. App. 293 (325 SE2d 903) (1985).

2. Appellant contends that based on the evidence offered at the hearing on June 28 the court erred in entering its subsequent order. He specifically cites error in "findings of fact 1-9 and correlative conditions of law, specifically 1 and 5-7 based on the findings of fact."

There is sufficient evidence to support the disputed findings of fact, 1 through 9 inclusive; unless they are clearly erroneous, we will not disturb the fact findings of a judge sitting without a jury if there is any evidence to support them, for due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. OCGA § 9-11-52 (a); see *C & S Bank v. Pilco Plantation,* 173 Ga. App. 37, 38 (325 SE2d 426) (1984).

3. We now turn to the challenged conclusions of law.

Appellant disputed the trial court's conclusion that the "Trustees of Hospital Authority of Henry Country who serve without compensation, have an obligation to operate Henry General Hospital in such a way as to promote optimal patient care and to assure the hospital's financial well being." We, again, have difficulty in reaching this enumeration of error as it is unsupported by argument or citation of authority, and should be deemed abandoned. See Division 1. However,

we feel constrained to note that it is puzzling that appellant Alonso, a physician, would take issue with such a finding of obligation or duty on the part of the Authority to insure the well being of the hospital and logically then, the services and care offered to patients. It also escapes us how such allegations of error supports Alonso's posture in this appeal. Moreover, there has been no showing by appellant that the Authority has different or conflicting powers, obligations, or functions than those provided by our legislature to every hospital authority. See the Hospital Authorities Law (OCGA § 31-7-70 et seq.).

4. We now address the more salient and controverted conclusion reached by the court, that the Authority had demonstrated just cause in terminating its contract with appellant. As we have said, such conclusion was reached following the court's earlier determination that the contract might only be terminated for just cause and upon timely written notice. This earlier order of June 22 reflected the court's interpretation of the "Term" provision, i.e., paragraph 15 of the employment contract, which provides: "The term of the Agreement shall be for TWENTY-FOUR MONTHS commencing 1 July 1979 and ending 30 June 1981 and shall continue from year to year thereafter unless terminated by written notice delivered by either party NINETY DAYS prior to the anniversary date. Neither the Hospital nor any physician member of the Pathology Department shall terminate this Agreement or the relationship thus established without just cause. Said notice of termination shall be in writing to the Hospital or to the responsible physician, as the case may be."

The construction of this contract was clearly within the province of the trial court, sitting as the trier of fact and applier of law. OCGA § 13-2-1. In the trial court and on appeal, the Authority has argued that the term provision of the contract permitted termination, after ninety days notice, on any anniversary date, with or without just cause. Alonso has maintained that the contract was never terminable without just cause. We pretermit the question of whether or not the court properly determined that the term provision mandated that the contract could be terminated, without breach, only upon just cause and with timely notice. The parties do not dispute that the contract could be terminated for just cause and with proper notice. We assume *arguendo*, the requirement of "just cause" for contractual termination so that we may address most directly the gravamen of appellant's complaint on appeal, which is the existence or lack of just cause.

The trial court found that just cause had been demonstrated by the Authority based on its findings that there had been changes in Medicaid/Medicare regulations governing hospital-based physician's reimbursement which substantially changed the method of reimbursement to the hospital for services performed by Dr. Alonso; that Dr. Alonso had refused to enter into an agreement with the Authority to

allow the hospital to receive the maximum reimbursement under the Medicaid/Medicare regulations, despite the fact that the Authority proposed that such agreement be structured so as not to cause any financial detriment to Alonso; that Alonso's actions precluded the hospital from recovering reimbursements of approximately $25,000 over a period of approximately six months; and that Alonso's actions demonstrated a lack of cooperation with the Authority in his position as one of the hospital's primary staff professionals. These findings of fact are not clearly erroneous; there is sufficient evidence in the record to support them. See *C & S Bank v. Pilco Plantation,* supra; OCGA § 9-11-52 (a). Do such findings satisfy the contractual requirement of just cause?

The contract, as prepared by appellant, is silent as to what would constitute just cause. Inasmuch as the agreement does not specifically prescribe what would constitute termination for just cause, the question of just cause would be subject to a general legal standard within the realities of the contract situation. Just cause or good cause here would require an objective rather than a personal or subjective test, i.e., what a reasonable person would find sufficient. See 52 CJS, Labor Relations, § 254.

Appellant argues that neither financial status, Medicare regulations nor lack of cooperation can be just cause for terminating the contract, but that just cause considerations must bear a relationship to and focus on the ability and fitness of the employee to discharge the duties of his or her position. Assuming this to be the case, we find the totality of the circumstances of the hospital's substantial fiscal concerns in regard to Alonso coupled with Alonso's demonstrated lack of meaningful cooperation in resolving these problems bear a direct and significant relationship on Alonso's ability and fitness to discharge his responsibility as a key hospital staff member. By its very nature, being a member of a staff requires, to a lesser or greater extent, continual attempt to balance private objectives with the ultimate aim of the joint work effort — this requires communication and cooperation. Here, in the context of a medical institution, where the work effort furthers such critical concerns, this would be especially important; no physician requiring and utilizing the facilities of a health care institution can function within that institution in a vacuum. The court was justified in finding that the totality of the circumstances was sufficient cause so as to rise to the level of just cause for termination under the contract.

5. Appellant also challenges the trial court's conclusion that the notice of termination given by the Authority to Dr. Alonso in the letter of March 29 was sufficient under the terms of the contract. He maintains that the notice was fatally deficient and denied him the due process to which he was entitled.

The subject letter to Alonso, from the chairman of the board of trustees of the Authority, read in pertinent part: "It does not appear at this time that we have reached an agreement on all of the issues, but it is certainly the hopes of the Board of Trustees that we can reach an agreement, but we feel that it is necessary for the Board to give notice, as provided for in paragraph fifteen (15) of your contract with the Authority, that your contract will be renegotiated within the next ninety (90) days or it will be terminated on July 1, 1984."

Alonso does not contest the timeliness of this notice, only the sufficiency. In fact, he acknowledged receipt of the letter in his own letter to the chairman dated March 30, 1984, in which he states, "I am in receipt of your letter of March 19, 1984, purporting to tender notice of termination of the present contract under which I provide pathology services to Henry General Hospital."

The contract, as prepared by Alonso, provides merely that notice of termination must be given; it makes no provision for form or content of such notice, nor does the contract expressly provide for any type of hearing prior to termination.

6. Appellant alleges he was denied due process in the method of termination. Essential to a claim of denial of due process is the infringement of a property or liberty interest. For Alonso to have a constitutionally protected property interest here, which would then require prior to its deprivation the procedural due process of a duly constituted hearing, he must have "a legitimate claim of entitlement," supported by contract or state law. *Board of Regents v. Roth,* 408 U. S. 564, 577 (92 SC 2701, 33 LE2d 548) (1972); see also *Daly v. Sprague,* 675 F2d 716 (1982). State law does not afford Dr. Alonso such a property interest. A physician does not have "absolute authority to practice medicine in the hospitals of this state . . ." *Dunbar v. Hosp. Auth.,* 227 Ga. 534, 540 (181 SE2d 89) (1971). Nor did the contract give rise to a protected property interest. " 'Principles of contract law naturally serve as useful guides in determining whether or not a constitutionally protected property interest exists.' *Jago v. Van Curen,* ___ U.S. ___, 102 S.Ct. 31, 34, 70 LE2d 13 (1981). . . ." *Northeast Ga. Radiological Assoc. v. Tidwell,* 670 F2d 507, 510 (1982).

Construing the contract most strongly against Alonso who formulated it (see, e.g., *Western Contracting Corp. v. State Hwy. Dept.,* 125 Ga. App. 376, 381 (187 SE2d 690) (1972)), we cannot ascertain a constitutionally protected property interest, nor any implied right to procedural due process prior to termination of the contract other than what was provided. There is no evidence of any additional understanding between the parties in this regard.

In *Northeast Ga. Radiological Assoc. v. Tidwell,* supra, the plaintiff was found to have a property interest in his continued employment with the hospital because his employment contract specifically

incorporated hospital bylaws which provided that all physicians were entitled to procedural due process prior to the termination of staff privileges. The submitted record does not disclose the bylaws of Henry General Hospital. Even assuming that the bylaws provided for procedural due process prior to any termination, Alonso chose not to incorporate the bylaws in drafting the contract.

The Authority complied with the notice required by the contract and did not deprive appellant of a right to which he was entitled.

7. Appellant further argues that any cause for termination was "removed" by bad faith actions of the Authority in exercising the power of termination. The trial court concluded that the Authority's actions in terminating Dr. Alonso's contract were taken in good faith and in a non-arbitrary manner.

The record amply supports the trial court's conclusion. In a bench trial the judge sits as trier of fact, and his findings are analogous to the verdict of a jury. As we have observed, they should not be disturbed if there is any evidence to support them. We do not, on appeal, blindly accept the evidence of any party to the litigation or determine the merits of the case from a point of advocacy. Rather we follow the rule that where the trial court finds the facts and enters judgment thereon, the sole question for determination is whether there is any evidence to authorize that judgment. *All-Phase Elec. &c. Co. v. Transamerican Ins. Co.,* 162 Ga. App. 104, 105 (290 SE2d 208) (1982); *Exxon Corp. v. Butler,* 173 Ga. App. 146, 147 (325 SE2d 806) (1984), cert. denied. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. Even though the findings of fact and conclusions of law contended by an appellant may have been, in whole or in part, authorized by the evidence presented at trial, yet, where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. In the absence of legal error, an appellate court is without jurisdiction to interfere with the judgment supported by some evidence. Id.

8. Appellant raises the claim that he was also denied due process by the trial court. The record reveals that the law was administered according to established rules, not violative of the fundamental principles of private right, by a competent tribunal having jurisdiction of the subject matter, and proceeding upon notice and hearing. *Norman v. State,* 171 Ga. 527, 529 (156 SE 203) (1930); *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 311 (127 SE2d 454) (1962); *Shoemake v. Whitlock,* 226 Ga. 771, 772 (177 SE2d 677) (1970). We can find no denial of due process in this regard.

9. Lastly, appellant claims that the trial court erred in the "dismissal of Plaintiff's motion for reconsideration on August 10, 1984, effectively precluding his pursuit of a claim for breach of contract. . . ." Appellant provides us with no support for his position,

either by argument or citation of authority, and therefore has abandoned it. See Division 1.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1985 —
REHEARING DENIED JUNE 24, 1985 —

Kenneth Alonso, *pro se.*
*Philip T. Keen, Rodney G. Meadows,* for appellees.