## 71480. LORD JEFF KNITTING COMPANY, INC. v. BOYLE.
(339 SE2d 745)

DEEN, Presiding Judge.

Appellee Boyle, a Georgia resident, was a sales representative for appellant Lord Jeff Knitting Company (Lord Jeff), a New Jersey apparel manufacturer which maintains a showroom in the Atlanta Apparel Mart. At the time appellee's employment was terminated, appellant brought an action against him in New York for alleged wrongful retention of salesman's samples, seeking payment in the approximate amount of $15,000. Boyle answered and counterclaimed for commissions due in the amount of $15,000; this action was pending at the time that appellee filed the action which underlies the instant appeal.

In the Georgia action the co-manager of Lord Jeff's showroom was personally served, as was the secretary to appellant's president in Lord Jeff's corporate offices in Bergen County, N. J. Appellant filed no responsive pleading to the Georgia complaint, and a default judgment was entered in favor of appellee. Appellee then filed a garnishment action in the Fulton County Superior Court against Davison's/Macy's department store, appellant's largest account in the Atlanta area. Appellant thereupon filed a motion to set aside the default judgment in the former action, alleging lack of service and lack of jurisdiction, plus improper proof of damages, and filing a plea in abatement which alleged that appellee's claim for commissions was a compulsory counterclaim which should have been alleged in the New York action (as in fact was done) and could not be raised in an independent action in Georgia.

The trial court denied the motion, holding that appellant was transacting business in Georgia at the time service of process was effected and that the showroom co-manager was a proper agent to receive service (the order did not address the status of the person who received service in New Jersey); and, further, that the damages sought were a liquidated sum. Lord Jeff appeals from the denial of its motion to set aside, enumerating as error the court's rulings that service of process was sufficient and that the damages were liquidated. *Held*:

1. Appellant alleges that neither the service upon the Atlanta showroom co-manager (whose status is consistently alluded to as that of a housewife and part-time clerical helper) nor that upon the corporate president's secretary (characterized as a sort of glorified "go-fer" with no authority to do anything beyond answering the telephone and

ordering lunch) was valid because neither person was a qualified agent for receiving process. Conflicting evidence, primarily in the form of affidavits and depositions, was adduced on this issue, and the trial court concluded on the basis of this evidence that the Georgia showroom co-manager was authorized to receive service. The record further reveals that the co-manager testified that she had forwarded the summons and complaint to corporate headquarters, and that it was undisputed that Lord Jeff's president and other corporate officers had actual notice of service of the complaint. On the basis of the "any evidence" rule, we will not disturb the findings of the court below. *C & S Bank &c. v. Pilco Plantation,* 173 Ga. App. 37 (325 SE2d 426) (1984); *Sineath v. Lane Co.,* 160 Ga. App. 402 (287 SE2d 341) (1981).

2. Appellant contends that appellee was seeking an unliquidated sum, and that the trial court therefore erred in granting a default judgment because the judgment rendered allegedly was "different in kind from or exceed[ed] in amount that prayed for in the demand for judgment." See OCGA § 9-11-54 (a), (c); *Hall County Bd. of Tax Assessors v. Reed,* 142 Ga. App. 556 (236 SE2d 532) (1977). The record reveals that, although appellee alleges in the fourth paragraph of his complaint that "Defendant is indebted to Plaintiff in an amount in excess of $15,000 for commissions earned," the prayer is "for $15,000, plus such additional amount as may be found at the trial to have been earned . . . but not paid," plus interest and costs. The summons indicates that the suit is one *ex contractu* and that the "Amount of Suit" is for "Principal-$15,000," with the spaces for interest and costs left blank. The record copy of the default judgment is for "Principal-$15,000," with the spaces for interest and costs left blank. Thus, contrary to appellant's allegations, the face of the complaint and the face of the judgment are in agreement and are such as to authorize the trial court to find that appellee was seeking liquidated damages. See, e.g., *Watts v. Oakes,* 152 Ga. App. 99 (262 SE2d 254) (1979); *Griffin v. First Professional School,* 149 Ga. App. 22 (253 SE2d 422) (1979). We find this enumeration to be without merit.

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially and also concurs in the judgment only.*

BEASLEY, Judge, concurring specially.

While I concur fully in Division 1, I cannot agree with all of the reasoning in Division 2.

The amount claimed in the complaint was, in my opinion, unliquidated. The face of the complaint tells us that the amount had not yet been ascertained. Plaintiff was unsure of the amount of commissions owed. "Liquidation is a fixed and determinate valuation of things, which, before, were uncertain. A debt is liquidated *when* it is rendered certain what is due, and how much is due — cum certum est

an et quantum debeatur." *Bartee v. Andrews*, 18 Ga. 407, 410 (1855). As asked in that case, "When did that amount become certain?" Id. at 410. *Ryan v. Progressive Pub. Co.*, 16 Ga. App. 83, 89-90 (84 SE 834) (1915) discusses the distinction and quotes Justice Lumpkin in *Hargroves v. Cooke*, 15 Ga. 321, 332 (1854), who asked the same question and led to the answer in this case: "When is a debt said to be *liquidated* . . . ? [W]henever the amount due is agreed upon by the parties, or fixed by operation of law." Here, the debt became liquidated to the extent of the $15,000 when defendants failed to deny the allegation in this ex contractu case within the time provided for an answer and failed to open the default. Thereafter the allegation became conclusively admitted and there would be nothing for a jury to find as fact, insofar as that amount is concerned. The amount of $15,000 became liquidated by the absence of a denial that at least that amount was owed. Of course, the "excess" did not ever become certain; but no judgment was granted on it. The amount of $15,000 was established by operation of law. It is only where the contract-based claim involves unliquidated damages that plaintiff is required to introduce evidence in a default case. OCGA § 9-11-55 (a); *Griffin v. First Professional School*, 149 Ga. App. 22 (253 SE2d 422) (1979). Of course, if it were a tort case, the damages would have to be established before a fact finder because default is not taken in law as admitting the amount due in an ex delicto action, OCGA § 9-11-55 (a), and there is no underlying agreement of the parties (contract) by which the amount is ascertained.

DECIDED JANUARY 7, 1986.

*Mark L. Golder*, for appellant.
*Furman Smith, Jr.*, for appellee.