75332. SMITH et al. v. DeKALB COUNTY.
(362 SE2d 435)

DEEN, Presiding Judge.

This appeal flows from the denial of a motion for a new trial after a jury verdict was rendered in appellants' favor and made the judgment of the court. DeKalb County originally filed a complaint condemning appellants' real property and an initial order and judgment were entered on the same day. The funds were later paid into court. Appellants appealed to the superior court and demanded a jury trial.

1. Appellants assert as error the court's charge to the jury that they could deduct consequential benefits from consequential damages when there was no evidence presented as to consequential benefits. The charge stated that "just and adequate compensation for the property condemned is the value of the property taken or used, or the damage done, and also the consequential damages, if any, to the prop-

erty not taken or used, deducting from such consequential damages, if any, the consequential benefits to that property."

It is general law that the condemning authority must pay a condemnee just and adequate compensation for the land taken. In addition, when there is a partial taking, as there was in this case, the condemnee is entitled to any consequential damages to the remainder. OCGA § 22-2-62. However, any consequential damages are offset by any consequential benefits to the remainder. OCGA § 22-2-63; *Department of Transp. v. Knight*, 143 Ga. App. 748, 751 (240 SE2d 90).

In the instant appeal, the county's expert appraiser, Wallace E. White, testified: "In this case the road was widened and the subject property benefitted by that widening in terms of having a better and safer access to their property." White "did not measure [the value of] any special benefits because in [his] opinion there were no [consequential] damages to the remaining property." The condemnee's expert was of the opinion that there were consequential damages to the remainder in the amount of $22,500, but found no consequential benefits. Because there was some evidence of both, consequential damages and benefits, the trial court gave the charge which is now the basis of this objection. It is general law that where a party makes a claim for damages it is incumbent upon him to present evidence showing the amount in a manner in which a jury can calculate the award with a reasonable degree of certainty, for an award of damages cannot be based on guesswork. *Lingo v. Kirby*, 142 Ga. App. 278 (236 SE2d 26).

"However, where, as in the case sub judice, there was no evidence from which the jury could have formed a reasonable estimate of the amount or value of such benefits, it is error to charge the jury that they could reduce the amount of consequential damages to the remainder by the amount of special consequential benefits." *Continental Corp. v. Dept. of Transp.*, 172 Ga. App. 766, 768 (324 SE2d 588); accord *Theo v. Dept. of Transp.*, 160 Ga. App. 518, 519 (287 SE2d 333); *Andrus v. State Hwy. Dept.*, 93 Ga. App. 827, 829 (93 SE2d 174); see also *City of Alma v. Morris*, 180 Ga. App. 420 (1) (349 SE2d 277). The trial court therefore erred in denying appellants' motion for a new trial.

2. As *Continental Corp. v. Dept. of Transp.*, supra, does not refer to speculative damages and appellants present no argument or other citation to authority as to how the court's charge on speculative damages was erroneous, this enumeration is deemed to be abandoned pursuant to Rule 15 of the Court of Appeals. *Lillard v. State*, 173 Ga. App. 293 (325 SE2d 903) (1985).

3. As this case must be reversed and remanded for retrial, we find that appellants' remaining enumeration of error pertaining to the cross-examination of an expert witness will not be considered, as any

alleged error is unlikely to recur upon retrial of the case. We would, however, direct the lower court's attention to *State Hwy. Dept. v. Willis*, 106 Ga. App. 821, 824 (128 SE2d 351) (1962), which holds that an expert witness "cannot be cross-examined upon a treatise which has not been proved to be a standard treatise on the subject."

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 22, 1987.

*William V. Hall, Jr., Neil L. Heimanson*, for appellants.
*Harmon W. Caldwell, Jr., Harry W. MacDougald*, for appellee.