A89A0961. PERRY et al. v. DEPARTMENT OF TRANSPORTATION.
(387 SE2d 445)

CARLEY, Chief Judge.

Appellee-condemnor Georgia Department of Transportation (DOT) condemned a portion of property owned by appellant-condemnees. Appellants filed a notice of appeal to the superior court and a jury trial was held as to the issue of just and adequate compensation. After the jury returned its verdict and judgment had been entered thereon, appellants filed a motion for new trial. It is from the denial of their motion for new trial that appellants bring this appeal.

1. The trial court instructed the jury that it could reduce the amount of consequential damages to the remainder of appellants' property by the amount of special consequential benefits. Appellants enumerate the giving of this charge as error, asserting that there was no evidence from which the jury could have formed a reasonable estimate of the amount of such consequential benefits.

"[W]hen there is a partial taking, as there was in this case, the

condemnee is entitled to any consequential damages to the remainder. OCGA § 22-2-62. However any consequential damages are offset by any consequential benefits to the remainder. OCGA § 22-2-63; [Cit.]." *Smith v. DeKalb County*, 184 Ga. App. 628, 629 (1) (362 SE2d 435) (1987). " 'However, where . . . there [is] no evidence from which the jury could have formed a reasonable estimate of the amount or. value of such benefits, it is error to charge the jury that they could reduce the amount of consequential damages to the remainder by the amount of special consequential benefits. [Cits.]' [Cits.]" *Barrow v. City of Atlanta*, 188 Ga. App. 400, 401 (1) (373 SE2d 88) (1988). See also *Smith v. DeKalb County*, supra at 629 (1).

DOT offered the testimony of two expert witnesses. Neither testified as to a *specific amount* of consequential benefits to appellants' remainder. One testified merely to his opinion that any consequential damages to the remainder were completely offset by the consequential benefits. The other merely testified to his opinion that the remainder had suffered $16,000 in consequential damages and was consequentially benefited by its "visibility and exposure from the freeway." "[T]here must be *specific* evidence as to the consequential benefits from which the jury could reasonably estimate the amount of improvement before they could deduct it from the consequential damages. . . . [W]hile two witnesses for the condemnor had testified that the condemnee's remaining property would be benefited by the construction of the expressway on that portion of the condemnee's property taken, neither of these witnesses had testified *specifically* as to the amount of enhancement in value or even the percentage of increase in the value of the property and the testimony was therefore insufficient to authorize a charge on consequential benefits." (Emphasis supplied.) *State Hwy. Dept. v. Grant*, 106 Ga. App. 696, 698 (2) (127 SE2d 920) (1962). See also *Theo v. Dept. of Transp.*, 160 Ga. App. 518, 519 (4) (287 SE2d 333) (1981).

DOT urges that the instruction is not erroneous when it is considered in the context of the entire charge. However, consideration of the entire charge is irrelevant. The contested instruction is, in and of itself, a correct abstract principle of law, but it was nevertheless erroneously given in this case because the evidence did not authorize it. The error occasioned by this lack of evidentiary support obviously cannot be rectified by giving consideration to the remaining portions of the charge. The error is in giving an otherwise correct instruction unauthorized by the evidence, not in giving an instruction which, on its face, seemingly states an erroneous principle of law but which, upon consideration of the entire charge, may prove to be correct.

Appellee further urges that any error is harmless. The instruction would be irrelevant and harmless if there was absolutely *no* evidence of consequential benefits to appellants' remainder. *German v. Dept.*

*of Transp.*, 162 Ga. App. 785 (293 SE2d 50) (1982). See also *Georgia Power Co. v. Bishop*, 162 Ga. App. 122 (6) (290 SE2d 328) (1982). However, in this case, there was such evidence. Both of DOT's experts testified that there *were* consequential benefits, but neither testified as to a specific amount of such consequential benefits. Under these circumstances the error was harmful. See *Theo v. Dept. of Transp.*, supra. "The charge was harmful in this case because the expert witness[es] . . . deduct[ed] in [their] mental computation the consequential benefits without stating to the jury [their] *separate* estimates as to the amounts fixed by [them] as consequential damages and benefits. The witness[es] [were] doing what the jury was supposed to do." (Emphasis supplied.) *State Hwy. Dept. v. Grant*, supra at 698-699 (2). The instruction was erroneous and not harmless and, therefore, the denial of appellants' motion for new trial must be reversed.

2. The remaining enumeration of error concerns a matter which is unlikely to recur at retrial and need not be addressed.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 20, 1989.

*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek*, for appellants.

*Michael J. Bowers, Attorney General, Howell & Whiting, James S. S. Howell, John C. Whiting*, for appellee.