S91A0309. TIMMERS CHEVROLET, INC. v. DEPARTMENT OF TRANSPORTATION.
(404 SE2d 121)

BENHAM, Justice.

Appellee condemned .262 acres of property owned by appellant auto dealership and located in the northeast quadrant of the intersection of Interstate 85 and Beaver Ruin Road in Gwinnett County. Timmers Chevrolet appeals from the judgment of $132,000 entered in its favor.

1. Appellant initially contends that the trial court erred when it refused to admit appellant's evidence of business losses. We agree with appellant that evidence of business losses attributable to the taking is admissible in a condemnation action. *Buck's Service Station v. DOT*, 259 Ga. 825 (387 SE2d 877) (1990). However, the trial court's decision not to admit such evidence in this case was not reversible error since the evidence proffered by appellant (that net profits before taxes and bonuses had decreased with the start of the construction; that factors other than the construction had contributed to the losses; and that appellant was unable to put a monetary value on the business loss attributable to the DOT's acquisition) was not sufficient to show "the difference in value of the business before and after such taking of the land . . . *resulting from the taking.*" (Emphasis supplied.) *DOT v. Consolidated Equities Corp.*, 181 Ga. App. 672 (1) (353 SE2d 603) (1987). Compare *DOT v. Baxley*, 194 Ga. App. 29 (2) (389 SE2d 519) (1989) (where there was no evidence that the business loss was caused by anything but the taking).[1]

2. In its charge to the jury, the trial court stated that

[i]n determining the amount of consequential damages, if any, that is, damages to the property [appellant] has left after his property is taken or used, you should consider whether the condemnation will benefit the landowner as left, and if so, reduce the consequential damages by that amount.

Appellant maintains the charge should not have been given because there was no evidence of any benefit, brought about by the condemnation, to the untaken property. While this lack of evidence made unnecessary a charge on consequential benefits, the giving of the irrelevant charge was not reversible error because it could not reasonably be calculated to prejudice appellant or mislead the jury. *German v. DOT*, 162 Ga. App. 785 (293 SE2d 50) (1982). Compare *Perry v. DOT*, 193 Ga. App. 254 (1) (387 SE2d 445) (1989) (where there was evidence of consequential benefits to the remainder).

3. In its final enumeration of error, appellant argues that the trial court erred in failing to give its requested charge defining consequential damages, and in giving appellee's requested charge that consequential damages were not to be awarded for mere remote or speculative damages. Our review of the jury instructions does not support

---

[1] In light of our disposition of appellant's enumeration of error, we do not reach his argument that application of the appellate case law distinguishing landowner-operated businesses from tenant-operated business violates the Equal Protection Clause of the Georgia and U. S. constitutions. See, e.g., *Dixie Hwy. Bottle Shop v. DOT*, 245 Ga. 314 (265 SE2d 10) (1980).

appellant's contentions. The trial court fully and adequately informed the jury of the nature of consequential damages and the parameters upon any award of such damages. There was no error in the trial court's treatment of the jury charges appellant has brought to our attention.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 1991.

*Merritt & Merritt, Mark Merritt,* for appellant.
*Cheeley & Chandler, Richard B. Chandler, Jr.,* for appellee.