A95A2490. JOHNSON v. BRUNO'S, INC.

(464 SE2d 259)

BIRDSONG, Presiding Judge.

This is a slip and fall case. Appellant/plaintiff Tony Ray Johnson appeals from the judgment entered in favor of appellee/defendant Bruno's, Inc. d/b/a Fresh Value No. 174 and from the order of the trial court denying appellant's motion to set aside the verdict and for new trial. Appellant enumerates that the trial court erred in giving appellee's Request to Charge No. 9, as modified by the trial court, and erred by denying appellant's motion to set aside the verdict and for a new trial. In support of this enumeration, appellant has elected to file only the trial record and has not filed a transcript of the proceedings. Appellant asserts that the contentions and outline of the case of appellant/plaintiff and appellee/defendant as contained in the pretrial order are sufficient to support his enumerations of error. *Held:*

1. The record does not contain a pretrial order signed by the trial court. Appellant has failed even to show that a pretrial order was in effect in this case. Moreover, while a pretrial order may contain stipulations and other evidentiary agreements of the parties, it remains subject to modification at trial, at the trial court's discretion, to prevent manifest injustice. See generally OCGA § 9-11-16 (b); Ga. Prac. & Proc. (6th ed.), § 16-3. On appeal, a pretrial order is not a substitute for a trial transcript.

2. Appellant's brief contains certain assertions of unstipulated fact which, as above reflected, are not supported on appeal by the trial transcript or record. Such unsupported factual assertions in briefs cannot be considered in the appellate process. *Behar v. Aero Med Intl.,* 185 Ga. App. 845 (1) (366 SE2d 223). Additionally, appel-

lant has attached to his reply brief certain documents, including two pages purporting to be from the deposition of one Michael Wheeler who apparently was an employee of appellee. "[A] brief or an attachment thereto cannot be used in lieu of the record or transcript for adding evidence to the record." *Ross v. State*, 195 Ga. App. 624, 625 (2) (394 SE2d 418); *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33); see *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893). These attachments to the reply brief will not be considered on appeal.

3. Without access to the trial transcript, this Court cannot effect a proper appellate disposition of appellant's claim that the trial court erred in denying his motion to set aside the verdict and for a new trial. "Without a transcript to review, this court must assume as a matter of law that the evidence presented at trial supported the court's findings." *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500). Access to the trial transcript would be necessary to determine whether the trial court erred in denying appellant's motion to set aside the verdict and for a new trial, and in the absence of the required transcript, the judgment and ruling of the trial court must be affirmed. *Malin Trucking v. Progressive Cas. Ins. Co.*, 212 Ga. App. 273 (1) (441 SE2d 684); compare *Brown v. Frachiseur*, 247 Ga. 463, 464-465 (277 SE2d 16).

4. Appellant contends that the trial court erred in giving appellee's Request to Charge No. 9 in a modified form. This charge appears to be based on an interpretation of *Foodmax v. Terry*, 210 Ga. App. 511 (1) (436 SE2d 725). The record does contain appellee's Request to Charge No. 9. This request reflects that the words "10 to 15 minutes" were modified to read "a reasonable length in time." Above the word "reasonable," there is an unidentified character which appears to be a question mark without a period underneath its curved symbol. The charge request bears an inked notation apparently signed by the trial judge indicating that the charge was "given." Assuming arguendo that the charge was given as modified by the inked notation on the charge request, we still cannot determine from an examination of the charge request how this charge may have been modified, reinforced or contradicted by other charges to the jury. " ' "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." ' " (Citations omitted.) *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). Without access to that portion of the trial transcript pertaining to the charge to the jury and any colloquy pertaining thereto following completion of the charges, this court cannot reach a proper determination of this enumeration of error. When a portion of the transcript or record is not before this Court which is necessary for our determination of one or more of the appellate issues raised, an

affirmance as to those issues must result. *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 51 (3) (397 SE2d 466); compare *Jackson v. State*, 213 Ga. App. 170, 171 (2) (a) (444 SE2d 126).

Appellant also asserts that "during the course of the charge conference, [he] strenuously objected" to the Request to Charge No. 9; and that, during the charge conference, the trial court ruled again, over appellant's objection that Request to Charge No. 9, as modified, would be given to the jury. However, appellant fails to assert and has not shown by the available record that following the charge to the jury, he timely excepted to the modified Request to Charge No. 9 and, if so done, on what specific grounds he excepted. Incidentally, appellant merely asserts in his brief that he preserved his enumerated errors for appellate review by filing a timely motion to set aside the verdict and for a new trial and filing a timely notice of appeal. See, e.g., Court of Appeals Rule 27 (a) (1). In a civil case, an exception or objection to a charge must be made after the jury is charged and before the verdict; an objection made at a charge conference before the charge is given does not preserve a charging issue for appellate review. *Bruno v. Evans*, 200 Ga. App. 437, 441 (4) (408 SE2d 458); *Sims v. Johnson*, 185 Ga. App. 720 (365 SE2d 532). Moreover, we do not find by our examination of appellee's Request to Charge No. 9, as purportedly modified, that it establishes on its face "substantial error" within the meaning of OCGA § 5-5-24 (c); accordingly, to prevail on appeal appellant must also establish affirmatively by the record and transcript that a specific exception to Request to Charge No. 9, as modified, was entered timely after the jury was charged and before the verdict was received. *Bruno*, supra; *Sims*, supra. Without access to the trial transcript we cannot conclude that appellant properly preserved a charging error for appellate review, and for this additional and independent reason, we must affirm the trial court's rulings. *Atlanta Cas. Ins. Co.*, supra. In this regard, we would not reverse the correct ruling of a trial court regardless of the reason, if any, given therefor. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673); compare *Malin Trucking*, supra at 273 (1).

Additionally, assuming arguendo a charging error occurred as contended by appellant, nevertheless it is well recognized that charging errors can, under certain circumstances, be rendered harmless and not result in reversible error. See, e.g., *Gavin v. Vasquez*, 261 Ga. 568, 570 (407 SE2d 756); *Timmers Chevrolet v. Dept. of Transp.*, 261 Ga. 270, 271 (2) (404 SE2d 121); *Pouncey v. Adams*, 206 Ga. App. 126, 127 (424 SE2d 376); *Ross v. State*, 192 Ga. App. 850, 851 (4) (386 SE2d 721). Without access to a trial transcript, we would be unable to determine accurately whether any resulting charging error was harmless, and for this separate and independent reason, we also would be compelled to affirm the judgment and the trial court's ruling denying

appellant's motion to set aside the verdict and for a new trial. *Atlanta Cas. Ins. Co.*, supra.

Appellant contends that appellee waived any right to have a trial transcript presented to this Court on appellate review. However, it is not the right of appellee that is at issue here; at issue is whether it is this Court's duty to affirm the judgment and rulings of a lower court when on appellate review the appellant, by election or conduct, fails to file a record or transcript adequate in content to enable this court to dispose judiciously of those appellate issues properly raised and preserved for appeal. In view of the precedent above cited, this rhetorical question need not be further addressed. Appellant has failed to carry his burden of establishing that his enumerations of error have merit and necessitate case reversal.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED NOVEMBER 27, 1995.

*Van C. Wilks*, for appellant.
*Tisinger, Tisinger, Vance & Greer, J. Branson Parker, Glenn M. Jarrell*, for appellee.

