43084, 43116. ROBERTS v. BRYANT et al.; and vice versa.

ARGUED SEPTEMBER 12, 1967—DECIDED SEPTEMBER 27, 1967.

*McClure, Ramsay & Struble, Robert B. Struble,* for appellant.

*Heard & Leverett, E. Freeman Leverett, Robert H. Harris,* for appellees.

QUILLIAN, Judge. The rule is well established that in order for there to be a recovery for the homicide of a person whose death is alleged to have been caused by the negligence of the defendant, the deceased on the occasion when fatally injured must have been in the exercise of ordinary care for his own safety. *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6). The evidence adduced upon the trial and related in the foregoing statement of facts affirmatively discloses that the youth for whose homicide the suit was brought was not in the exercise of ordinary care in that he took the obvious risk of physical injury by acquiescing in and encouraging the reckless driving which resulted in his death.

The testimony of the conversation between the defendant Anderson and the deceased which immediately preceded the tragic incident was of probative value, being both a part of the res gestae and in the nature of original evidence. *Ellis v. Southern R. Co.,* 96 Ga. App. 687 (101 SE2d 230).

Since the verdict and judgment complained of was demanded, the appellants' enumerations of error excepting to portions of the charge will not be considered. *Castile v. Burton*, 200 Ga. 877, 883 (3) (38 SE2d 919); *Richardson v. Hairried*, 202 Ga. 610, 615 (2) (44 SE2d 237).

*Judgment affirmed on main appeal; cross appeal dismissed. Jordan, P. J., and Deen, J., concur.*