## 45749. LAYNE v. ROSENFELD.

PANNELL, Judge. Appellant, the plaintiff in an action seeking recovery against the defendant arising out of the negligent operation of an automobile by the defendant, appealed to this court from the judgment overruling his motion for new trial, filed after a jury verdict against him. His sole enumeration of error is upon a charge of the court given upon the trial. The notice of appeal recites that "a transcript of the charges of the court will be filed for inclusion in the record on appeal." To the reporter's transcript of the charge of the court the clerk of the court entered a certificate certifying "that the foregoing pages contain the original transcript as filed by the court reporter on August 27, 1970, in the above stated case." The notice of appeal also directed the clerk to omit nothing from the record on appeal. There was a motion to dismiss the appeal on the ground there was no enumeration of error on the overruling of the motion for new trial. *Held:*

Pretermitting the question of whether the appeal should be dismissed under the ruling of the Supreme Court in *Hill v. Willis,* 224 Ga. 263 (4) (161 SE2d 281), as construed in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137), we must decline to rule upon the sole enumeration of error for the following reasons: (a) there is a total failure on the part of the appellant to make any references to any portion of the transcript showing the charge complained of or any objections made thereto, which constitutes an abandonment of the enumeration (*Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710)), and, (b) even though there may be error in the charge, we cannot determine whether this error is harmful in the absence of a transcript of the evidence.

If the evidence should have demanded the verdict found by the jury, the instructions, even if error, would have been harmless and not cause for new trial (see *Hand v. Brown,* 144 Ga. 272 (86 SE 1080); *Roberts v. Bryant,* 116 Ga. App. 386 (157 SE2d 517); *Pennington v. State,* 117 Ga. App. 701 (161 SE2d 327)), and since the burden and duty of affirmatively showing injury as well as error rests upon the appellant (*First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326)), and such injury does not affirmatively appear in the absence of the transcript of the evidence, we must, under either rule, affirm the judgment of the trial judge in overruling the motion for new trial.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.* SUBMITTED NOVEMBER 2, 1970—DECIDED NOVEMBER 17, 1970.

*Kleiner & Herman, Robert L. Herman,* for appellant.
*Neely, Freeman & Hawkins, Paul M. Hawkins, William E. Cetti,* for appellee.