70825. SAMMOR et al. v. MAYOR & ALDERMEN OF
SAVANNAH et al.
(335 SE2d 434)

BANKE, Chief Judge.

The appellants filed this action to recover for personal injuries they sustained when their automobile was struck from behind by a vehicle being driven by one Leslay Garvin. Garvin died as the result of injuries sustained in the collision, and the administratrix of his estate was named as a defendant in this action. Alleging that at the time of the collision Garvin was being pursued in a negligent manner by Officer Michael DiFiore of the Savannah Police Department, appellants also named him as a defendant. Further alleging that it was the official policy and practice of the City of Savannah and its police department to sanction and encourage high speed police chases on city streets, the appellants named as additional defendants the mayor and aldermen of the City of Savannah, the city manager, and the police chief.

Officer DiFiore was on duty as a motorcycle patrolman at the time the collision occurred. He testified in his deposition that when he first observed Garvin's vehicle, it was speeding through the intersection of Bull Street and 37th Street in Savannah at 70 to 80 miles per hour. Immediately upon observing the speeding vehicle, DiFiore, who was standing in a vacant lot adjacent to the intersection, started his motorcycle, pulled onto the street, activated his emergency lights and siren, notified headquarters of the situation over his radio, and began following the vehicle. He testified that he had no intention or expectation of actually overtaking Garvin's vehicle, the purpose of his pursuit being merely to attempt to keep the vehicle in sight, and to alert other drivers with his siren. He further stated that because of the speed at which Garvin's automobile was traveling, and because of the congested traffic conditions, he "knew" it was going to be involved in a collision and accordingly radioed headquarters to begin dispatching ambulances to two different intersections located several blocks ahead. The collision which gave rise to the appellants' injuries did in fact occur at one of these intersections.

After filing their complaint, the appellants directed a request for

production of documents to the mayor and aldermen of the City of Savannah, seeking any photographs in the possession of the police department depicting the accident scene, any statements and/or investigative reports in the possession of the department relating to the accident, and all "reports, memos, or other documents resulting from an investigation made by the Internal Affairs Office of the Savannah Police Department," relating to the issues involved in the complaint. In a response filed on October 2, 1984, the city stated that the photographs would be made available for inspection and copying and that the statements taken from witnesses at the scene had been incorporated into Officer DiFiore's accident report, a copy of which was attached to the response. With respect to the request for investigative reports prepared by the police department, however, the city responded that these were privileged, both because they had been prepared in anticipation of litigation and because they were confidential, internal police documents.

On September 18, 1984, prior to filing its response to the request for production of documents, the mayor and aldermen of the City of Savannah joined with the police chief, the city manager, and Officer DiFiore in filing a motion for summary judgment. On October 15, 1984, the appellants filed a motion to compel production of the requested documents. The court granted the motion for summary judgment on March 7, 1985, without ruling on the motion to compel, thereby leaving the case pending only against the administratrix of Garvin's estate. This appeal followed. *Held*:

1. The record before us does not indicate that the appellants moved to continue the hearing on the motion for summary judgment pending a ruling on their motion to compel or that they otherwise objected to the court's failure to rule on the motion to compel prior to ruling on the motion for summary judgment. Consequently, we hold that the appellants have waived the right to assert the court's failure to rule on the motion to compel as error on appeal. Compare *Danforth v. Danforth*, 156 Ga. App. 236 (1) (274 SE2d 628) (1980); *Camp v. Sellers & Co.*, 158 Ga. App. 646 (1) (281 SE2d 621) (1981). See generally *Hancock v. Oates*, 244 Ga. 175, 176 (259 SE2d 437) (1979); *Myers v. Dept. of Human Resources*, 162 Ga. App. 885, 886 (293 SE2d 480) (1982).

2. Officer DiFiore testified without dispute that Garvin was already proceeding down Bull Street at an extremely high rate of speed before he began his "pursuit." It further appears without dispute that the collision occurred only a few blocks away from the location where DiFiore first observed Garvin's vehicle. Construing the evidence in favor of the appellants, and otherwise affording them the benefit of every doubt, the only rational inference which can be drawn from these facts is that Officer DiFiore's actions did not constitute a proxi-

mate cause of the collision. Compare *Keener v. Kimble*, 170 Ga. App. 674 (2) (317 SE2d 900) (1984); *Davis v. Ramey*, 174 Ga. App. 417 (330 SE2d 130) (1985). Consequently, there is no basis for assessing any liability against him. It follows that there is no basis for assessing liability against the police chief, the city manager, or the mayor and aldermen of the city, based on any city policy which may or may not have been in force with respect to high-speed chases in general.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Michael J. Gannam, Joseph M. Gannam*, for appellants.
*Patrick T. O'Connor, William W. Shearouse, Jr., James B. Blackburn*, for appellees.