LINDA K. HUDDLESTON, Special Adm'r of the Estate of Ernest L. Neal, Jr., Plaintiff-Appellant, v. THE CITY OF CHARLESTON et al., Defendants-Appellees.

Fourth District  No. 4—85—0732

Opinion filed June 19, 1986.

John C. Taylor, of Hendrix, Lierman & Taylor, of Champaign, for appellant.

George G. Bryan, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellees City of Charleston and Hank Pauls.

Michael D. Ryan, of Ryan, Grabb, Cini & Bennett, of Mattoon, for other appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff Linda Huddleston, special administrator for the estate of Ernest Neal, Jr., appeals the grant, at the close of plaintiff's evidence, of directed verdicts in favor of all defendants. We affirm.

On May 14, 1982, plaintiff's decedent was a passenger on a motorcycle being driven by Robert Hildebrand, who is not a party to this action. Deputy William Powell of the Coles County sheriff's depart-

ment, driving west on Route 316, observed the motorcycle traveling eastbound at 103 miles per hour. Powell turned in pursuit and informed the sheriff's department. Powell gave chase for over six miles, using his siren and his flashing lights. Powell eventually lost sight of the motorcycle, partially because of traffic.

Deputy Sheriff Donald Jenkins, a defendant here, was also on duty that day. He heard Powell's broadcast and prepared to intercept the motorcycle. Jenkins went to an area on Route 316 near Mounds Cemetery. He parked his car diagonally on Route 316, blocking parts of both lanes. The squad car was just over one-tenth mile east of a curve.

Charleston police officer Henry Pauls, another defendant, also heard the broadcast and proceeded to assist in the chase. He pulled his car onto the south shoulder of Route 316, blocking 2 to 3 feet of the eastbound lane. Pauls' car was 142 to 150 feet east of Jenkins'. When Pauls parked his car, he was informed by police radio that the motorcycle was one-half mile from his location.

As the motorcycle came around the curve, it was traveling approximately 90 miles per hour. The motorcycle passed Jenkins' car, moved into the westbound lane as it neared Pauls' car, veered toward the north, and hit the soft shoulder after it passed Pauls' police car. Hildebrand lost control of the motorcycle, and plaintiff's decedent was thrown from the motorcycle and killed.

Hildebrand stated that he first saw the squad cars as he came out of the curve. The sight of the squad cars "shocked" him. He doesn't remember how he reacted. He only remembers ending up in the ditch.

Plaintiff also introduced the rules and regulations for the Coles County sheriff's department and the city of Charleston police department.

Defendants' joint motion for a directed verdict was successful. The trial judge found that there was no evidence presented as to proximate cause. Plaintiff's post-trial motion was denied. She brings this appeal.

Examining the evidence most favorably to the plaintiff, these facts, though disputed, must be used. Jenkins' car left 5½ feet of roadway in the eastbound lane, the lane used by Hildebrand. Pauls' car left 8 feet of roadway in the eastbound lane and the entire westbound lane. Other pertinent facts, not in dispute, are that Hildebrand constantly exceeded 80 miles per hour except for one brief moment. He traveled along the center line in order to pass while traffic was going in both directions, and did not make an effort to stop or reduce his speed when he came upon Jenkins' car, there was a distance of

over one-tenth mile between the curve and Jenkins' car, and that at the estimated speed of 90 miles per hour, Hildebrand covered the distance in 4½ seconds.

Plaintiff, arguing against the grant of the directed verdicts, claims that she created jury questions as to proximate cause, the standard of care, and violations of that standard.

■ Plaintiff states the general rule that proximate cause is ordinarily a question for the jury. She cites *Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1, 364 N.E.2d 423, as being almost on point. We find the case clearly distinguishable.

In *Brooks,* the defendant police officers of the city of Zion had set up a roadblock in order to stop defendant Lundeen, who was fleeing from the city of Waukegan police. As the officers were setting up the roadblock, one officer directed decedent Brooks to park on the edge of the roadway. The officers placed a squad car perpendicular to the flow of traffic, between Brooks and the oncoming Lundeen. Lundeen was traveling along the center of the roadway at over 90 miles per hour. The car veered around the squad car and ran head on into Brooks' parked car, killing Brooks.

The city and the officers were found liable for Brooks' death. On appeal, they argued that Lundeen's actions were the sole proximate cause of the collision. The court held that the proximate-cause issue was whether the officers' placing Brooks where they did in relation to the roadblock, without warning him, resulted in the reasonably foreseeable collision. That jury found that the officers' negligence placed Brooks at peril.

Such is not the case in the present situation. The defendant officers did not put plaintiff's decedent in peril, Hildebrand did. Also, Brooks was merely an innocent passer-by. Plaintiff's decedent, while not driving, made no attempt to extricate himself from his precarious position. Hildebrand testified that plaintiff's decedent never asked to get off, stayed on the motorcycle when Hildebrand "paused," and offered Hildebrand his sunglasses when Hildebrand's flew off. The police in *Brooks* placed Brooks in his danger and did not warn him of the potential danger. In the present case, plaintiff's decedent was not an unwilling part of the dangerous instrumentality.

Plaintiff, though, makes a simplified "but for" proximate-cause argument. Implied in this argument is that the individual defendants operated as an intervening and efficient cause that broke the causal connection between Hildebrand's driving and the accident. (We note that this is an unusual use of the doctrine of intervening causes. The normal case has the defendants using the doctrine to avoid liability.

Our research has revealed only one published case in this district where the plaintiff alleged that, due to an intervening cause, defendant was liable.)

> "An intervening and efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury. [Citations.] The intervention of independent concurrent or intervening forces will not break [the] causal connection if the intervention of such forces was, itself, probable and foreseeable. [Citations.]" *Johnston v. City of East Moline* (1950), 405 Ill. 460, 464-65, 91 N.E.2d 401.

It is clear that the driving of Hildebrand constituted nothing less than gross negligence. He drove over 80 miles per hour for almost the entire 6 miles. This was on a road that was under repair. Hildebrand also drove down the center line of this two-lane road in order to pass eastbound traffic and to avoid being hit by oncoming westbound traffic. Hildebrand was also not licensed to drive a motorcycle, nor was his motorcycle registered.

■ Hildebrand's reckless disregard for his own safety, the safety of his passenger, the safety of other drivers, his disregard for the various licensing rules, and his engaging in a high-speed police chase, evidences such negligence that it is clear that his actions were the original wrong. We must thus examine defendants' intervening conduct to determine if it broke the causal connection.

> "The test that should be applied in all cases determining the question of proximate cause is whether the first wrongdoer might have reasonably anticipated the intervening cause as a natural and probable result of the first party's own negligence. [Citation.]" *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 317,45 N.E.2d 665.

■ Applying the above test, we find as a matter of law that Hildebrand should have reasonably anticipated the actions of the defendant officers in creating a roadblock. In a high-speed chase, it would be unreasonable to believe, given today's radio communications, that only one squad car would be used. This is especially so given Hildebrand's driving, his knowledge that he was being chased, and his partial success in eluding the first officer. A method to stop Hildebrand was needed. He did not respond to the siren and flashing lights. We find it highly improbable that he would have responded to an officer holding out his hand signaling "stop." Hildebrand should have anticipated some type of roadblock prior to his entering Charleston.

The roadblock was such that Hildebrand hit neither squad car, successfully navigated through the 5½ feet left by Jenkins; car, and changed lanes in order to avoid Pauls' car. While he may have been "shocked," his driving still showed enough skill to continue to avoid the authorities. The maneuvers he performed immediately prior to the accident were the same type that he would be expected to perform, at any speed, if there were some other obstruction in the roadway. The simple fact is that Hildebrand could not successfully handle the motorcycle at highly excessive speeds.

Plaintiff also argues that the officers violated the due-care provisions of section 11—205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—205). She also argues that the defendant officers negligently set up the roadblock, and the defendant county negligently instructed Deputy Jenkins in the proper procedures for roadblocks. The officers' conduct was reasonably foreseeable. As such, their conduct could not be the proximate cause of the accident. We will not examine issues relating to standard of care if plaintiff cannot show proximate cause. *Pitts v. Basile* (1966), 35 Ill. 2d 49, 54, 219 N.E.2d 472.

Having viewed all the evidence in its aspect most favorable to the plaintiff, we agree with the trial judge that it so overwhelmingly favors the defendants that no contrary verdict could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.

For the foregoing reasons, the judgment of the circuit court of Coles County is hereby affirmed.

Affirmed.

SCOTT, P.J., and STOUDER, J., concur.