## 74275. RUSH v. FOOD GIANT, INC.
### (358 SE2d 919)

POPE, Judge.

Appellant/plaintiff Ray R. Rush brought suit against appellee/defendant Food Giant seeking damages for injuries he received when he slipped and fell in the checkout lane of one of Food Giant's stores. The complaint alleged that appellant slipped and fell because appellee negligently allowed some fresh grapes to remain on the floor in the

area of the checkout counter, and that the negligent condition was known to appellee or had existed for a sufficient length of time so that appellee should have known of it. Appellee moved for summary judgment, which was granted by the trial court, and this judgment is appealed.

1. Appellant contends that the evidence presented genuine issues of material fact which should have been determined by a jury. The evidence showed that on July 4, 1984 at about 6:00 p.m. appellant and his wife went to appellee's store, where they shopped frequently, to buy groceries. He remained outside while she went in to shop. After Mrs. Rush shopped she waited five to ten minutes in the checkout line at aisle 1, then went to the door and called Mr. Rush inside to give her extra money and help her bag the groceries. Mr. Rush came in and the two of them waited in line about five minutes more while the groceries were checked out. Mr. Rush then went to aisle 2, the adjacent checkout lane which was not in operation, to reach the area where the groceries were in order to bag them. While walking through the empty aisle, he slipped and fell on some grapes that were lying loose on the floor, sustaining injuries.

Appellant bases his allegations of Food Giant's liability on its failure to provide any mats, rugs or other slip-proof coverings on the floor of the checkout aisle; the ability of the employee working at the next checkout counter who waited on Mrs. Rush to see the grapes on the floor of the adjoining lane; and the store policy of requiring its customers to bag their own groceries, resulting in the accumulation of debris on the floor in the checkout area and necessitating increased maintenance to insure its cleanliness. He contends that notwithstanding Food Giant's safety policy and emphasis on the proper maintenance of the checkout aisles, the evidence showed that during the several hours prior to his fall, its employees failed to properly inspect or maintain this area, and that thus there was a genuine issue of material fact as to whether Food Giant had, through its employees, prior constructive knowledge of the dangerous condition and failed to guard against it.

Appellant insists that the evidence established that Jennifer Green, the Food Giant employee who waited on Mrs. Rush in aisle 1, was only six feet away from aisle 2 and could have seen the grapes on the floor from where she stood. However, Ms. Green denied seeing anything on the floor until after appellant fell. She also testified by deposition that there were "more than two" other customers in line, which would have blocked her view of aisle 2; and that she was not facing aisle 2, but facing her customers. Mrs. Rush also swore by affidavit that during the ten minutes preceding the incident, "customers were moving in a line through this checkout area." Ms. Green's testimony was undisputed that she had swept the floor of all the aisles in

the checkout area several times during the day, possibly within 15 minutes to half an hour before appellant fell. Neither appellant nor his wife were in or near aisle 2 for more than ten minutes at most, and their testimony did not establish any length of time the grapes were on the floor.

Thus, we agree with the finding of fact made by the trial court that there was no evidence that Jennifer Green saw or could have seen the grapes on the floor of aisle 2. Photographs presented by appellant in support of this contention failed to depict conditions as they existed at the time of the accident in that they showed no customers in the checkout area of aisle 1, and it was undisputed that at least Mrs. Rush was in line at the time her husband fell. Appellant's reconstruction of the time sequence in attempting to show that the grapes were on the floor for a minimum of five to ten minutes prior to his fall was merely speculative, and was also contradicted by his previous deposition testimony that he did not know how long they had been there. His testimony that his wife was in line for a minimum of ten minutes failed to account for the time in which she went to the door to call him in to help her. His estimation that he stood in line with her for five minutes was disputed by Ms. Green's testimony that when Mrs. Rush called him appellant "came in and he was fussing and cussing and he came through the checkout, and he was walking real fast. I think he was going in his pocket getting out some money and trying to give it to her, and he slipped. . . ." Ms. Green also stated that she could smell on appellant's breath that he had been drinking. There was no evidence at all submitted to show the lack of or necessity for slip-proof floor coverings.

In *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980), the Supreme Court analyzed the litigation history of "slip and fall" cases in order to determine when the grant of summary judgment was proper, stating: "In cases involving foreign substances the customer does not ordinarily know if the substance which caused him to fall has been placed on the floor through negligence attributable to the owner or through that of someone other than the owner. While the owner or occupier of land is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, before an owner can be held liable for the slippery conditions of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care. Thus it is said that only when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. Normally a proprietor is permitted a reasonable time to exercise care in inspecting the premises and maintaining them in a safe condition. However, the proprietor is under no duty to con-

tinuously patrol the premises in absence of facts showing that the premises are unusually dangerous. Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive. In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." (Citations and punctuation omitted.)

In the instant case we have found no evidence imputing superior knowledge of the grapes on the floor to Food Giant. As previously discussed, Ms. Green was not in a position to see the grapes on the floor any more easily than appellant or his wife. Not only had she inspected and cleaned the area within perhaps 15 to 30 minutes prior to the accident, she further testified that the store was less crowded than usual because of the holiday, and thus there was less likelihood of debris falling to the floor while being bagged. Nor was there any evidence that as a result of "erratic" bagging by customers, loose items tended to frequently end up on the floor in the checkout area, as alleged by appellant. "[N]ot only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence. The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all of his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Alterman Foods v. Ligon,* supra at 623.

"Thus in order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." Id. This appellant failed to do. He "can derive no help from [his] assertion that a store employee 'could have seen the [grapes] on the floor' as this is merely a conclusion as to what other persons did which is without probative value. [Cits.]" *McGrew v. S. S. Kresge Co.,* 140 Ga. App. 149, 151 (230 SE2d 119) (1976). Moreover, this and other conclusions stated in appellant's affidavit as to how long the grapes had been on the floor contradicted his deposition testimony that he had no idea how long they had been there and had not paid

much attention to what was going on while he was in the store. Clearly appellant failed to establish any constructive knowledge on the part of Food Giant by probative evidence of a period of time the alleged dangerous condition had been allowed to exist, or even how the grapes came to be on the floor. See *Dillon v. Grand Union Co.,* 167 Ga. App. 381 (1) (306 SE2d 670) (1983).

"[T]here never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance. In every case, the rule that states that proposition also requires a finding that the defendant's employee had 'an opportunity to discover and remove the hazard,' which can only be shown, and in fact in the early cases was shown, by evidence that the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it . . . The proprietor's liability in all these cases is based upon the proprietor's failure to inspect and make safe the premises where the dangerous condition has existed long enough for him to discover it (or for it to be unreasonable not to know of the hazard); or stated otherwise, upon the superior knowledge of the proprietor, actual or constructive. [Cits.] Proprietors are allowed a reasonable time to discover and remove dangerous conditions [cit.], and unless there is a reason why the proprietor should have discovered it, he should not be charged with constructive knowledge." *Mitchell v. Food Giant,* 176 Ga. App. 705, 709 (337 SE2d 353) (1985).

In this case, as in *Mitchell,* supra, appellee's employee Ms. Green was in an area adjacent to the aisle where appellant fell, separated by a counter and at least one customer, and not in the aisle where the grapes were on the floor. There was no evidence to show that she or any other of Food Giant's employees had the opportunity to see or remove the grapes before appellant fell on them. Under the evidence presented the grapes could have fallen to the floor mere seconds before appellant fell. Neither appellant nor his wife, who were closer to the grapes than Ms. Green, observed them before he fell. Thus, there is an absence of evidence from which a jury could find constructive superior knowledge by which to hold Food Giant liable for negligence.

2. Appellant contends that the trial court erred in granting Food Giant's motion for summary judgment prior to ruling on his motion to compel discovery, which was filed prior to the filing of the motion for summary judgment. "The record before us does not indicate that the [appellant] moved to continue the hearing on the motion for summary judgment pending a ruling on [his] motion to compel or that [he] otherwise objected to the court's failure to rule on the motion to compel prior to ruling on the motion for summary judgment. Consequently, [appellant has] waived the right to assert the court's failure

to rule on the motion to compel as error on appeal. [Cits.]" *Sammor v. Mayor &c. of Savannah*, 176 Ga. App. 176, 177 (335 SE2d 434) (1985).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JUNE 19, 1987.

*Edward C. Stone, Quinton S. King*, for appellant.
*Donald R. Andersen, Deborah A. Finnerty*, for appellee.