Brian A. PLETAN and Pamela J. Pletan, as Trustees for the heirs of Shawn L. Pletan, deceased, Appellants,

v.

Kevin J. GAINES, Respondent,

Boyd Barrott, et al., Respondents,

Independent School District No. 281, Respondent,

and

Allstate Insurance Company, intervenor, Respondent.

No. C8–91–1456.

Court of Appeals of Minnesota.

Feb. 25, 1992.

Review Granted April 29, 1992.

Steven D. Emmings, John W. Carey, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Fairfax, for appellants.

James R. Peterson, Legal Assistance to Minnesota Prisoners, Bruce A. Peterson, Popham, Haik, Schnobrich & Kaufman, Ltd., Richard A. Lind, Lind, Jensen & Sullivan, Minneapolis, Robert H. Tennant, III, Bell, Arcand, Florin & Tennant, St. Paul, for respondents.

Carla J. Heyl, League of Minnesota Cities, St. Paul, for amicus curiae League of Minnesota Cities.

Considered and decided by LANSING, P.J., and HUSPENI, and SHORT, JJ.

## OPINION

SHORT, Judge.

Brian and Pamela Pletan (the parents), as trustees for the heirs of their son Shawn Pletan, appeal the trial court's decision

granting summary judgment in favor of Sgt. Boyd Barrott (the officer), the City of Crystal (city), and Independent School District No. 281 (school district) because they argue (1) the doctrine of official immunity has no application in the context of a high speed police pursuit, (2) the police officer's conduct was the proximate cause of their son's death, and (3) the actions of a teacher and school in implementing a school district's policy are not entitled to immunity as a discretionary act under Minn.Stat. § 466.03, subd. 6 (1986). We disagree and affirm.

## FACTS

On a September afternoon in 1987, the officer received a radio transmission of a shoplifting suspect fleeing the scene of the crime by car. The officer located the vehicle, turned on his red lights and siren, and followed the suspect. The suspect, later identified as Kevin Gaines, did not pull over and instead fled at a high speed. The officer decided to chase Gaines. During the chase, Gaines drove recklessly and at high speeds through three red lights, hit several vehicles, and struck and killed a seven-year-old boy. While in pursuit, the officer used his red lights and siren, and did not collide with any vehicles or persons. Later, Gaines pleaded guilty to first degree manslaughter and was sentenced to 90 months.

The boy who was killed was walking home from school. Although he usually rode a school bus home, on that day he chose to walk home. At that time, the school district had adopted a student transportation policy which made the individual student responsible for getting on the bus. Under the policy, the school and faculty members had no duty to ensure that student riders got on the buses.

The parents commenced this action against the officer and the city for negligence in conducting a high speed chase, and against the school district for negligence in implementing the school policy on bus boarding. The trial court granted summary judgment for the officer and the city on the basis of discretionary function immunity. The parents appealed and we reversed in *Pletan v. Gaines*, 460 N.W.2d 74 (Minn.App.1990), *pet. for rev. denied*, (Minn. Nov. 1, 1990). This court did not address the issue of official immunity in *Pletan:* "We decline to offer an advisory opinion on Barrott's claim of official immunity * * * *" *Id.* at 75 n. 1.

On remand, the trial court granted summary judgment to the officer and the city on the grounds of official immunity, and to the school district on the grounds of discretionary immunity. In addition, the trial court concluded the officer's conduct was not the proximate cause of the child's death.

## ISSUES

I.  Is the doctrine of official immunity applicable in the context of a high speed police pursuit?

II. Was the officer's conduct the proximate cause of the child's death?

III. Is the school district's adoption and implementation of the student transportation policy a protected planning level decision?

## ANALYSIS

On appeal from a grant of summary judgment, we must determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). We need not defer to a trial court's determination on legal issues. *Frost–Benco Elec. Assoc. v. Minnesota Pub. Utilities Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

### I.

Minnesota's official immunity doctrine provides that "a public official charged by law with duties which call for the exercise of [the official's] judgment or discretion is not personally liable to an individual for damages unless [the official] is guilty of willful or malicious wrong." *Elwood v. County of Rice*, 423 N.W.2d 671, 677 (Minn.1988) (quoting *Susla v. State*, 311 Minn. 166, 175, 247 N.W.2d 907, 912

(1976)). Generally, police officers exercising their official duties are classified as "discretionary" rather than "ministerial" officers, and are thus afforded immunity in executing those duties. *See Johnson v. Morris*, 453 N.W.2d 31, 42 (Minn.1990). When considering whether official immunity applies, the crucial focus is upon the nature of the act giving rise to the claim for relief. *Larson v. Independent School Dist. No. 314*, 289 N.W.2d 112, 120 (Minn. 1979). In this case, the officer seeks immunity for his decision to engage in a high speed pursuit of a criminal suspect.

■ The parents argue official immunity has no application because they did not sue the officer in his individual capacity and the officer has no personal exposure. We disagree. Under the indemnification statutes, there is no absolute guarantee the officer will avoid personal liability. *See* Minn.Stat. §§ 3.736, subd. 9a; 466.07, subd. 1 (1986). Also, indemnification and defense by a government agency does not preclude a finding of official immunity. *See Rico v. State of Minnesota*, 472 N.W.2d 100 (Minn. 1991).

■ An officer's decision to pursue a fleeing criminal suspect involves more than execution of a personally-designated duty. The officer here had to assess rapidly changing facts and apply his own judgment to those facts. Such circumstances present the type of exercise of discretion which compels application of the doctrine of official immunity. *See Johnson*, 453 N.W.2d at 42. However, there is an exception to the immunity doctrine if the officer acted maliciously or willfully. *Susla*, 311 Minn. at 175, 247 N.W.2d at 912. In addition, operators of emergency vehicles are liable for their negligent acts. *Cairl v. City of St. Paul*, 268 N.W.2d 908, 911–912 (Minn. 1978).

■ The parents concede the officer did not engage in malicious or negligent driving conduct. Rather, their lawsuit focuses on the officer's decision to engage in a high speed chase. Because an officer's decision to chase a fleeing suspect is inherently discretionary, the trial court properly granted summary judgment on the basis of official immunity in favor of the officer. Further, the city cannot be liable under the doctrine of *respondeat superior*, where the officer is immune from liability. *See Northernaire Prods., Inc. v. County of Crow Wing*, 309 Minn. 386, 388, 244 N.W.2d 279, 281 (1976) (where plaintiff was found to have no cause of action against individual county officials it was unnecessary to consider whether the county was vicariously liable); *accord Koderick v. Snyder Bros. Drug Store, Inc.*, 413 N.W.2d 856, 858 (Minn.App.1987) (a statute which bars a claim against an employee will also bar a claim brought against the employer on a theory of *respondeat superior*). Under these facts, the trial court properly granted summary judgment in favor of the city.

## II.

■ Whether the officer's conduct was the proximate cause of the child's death can be decided as a matter of law if reasonable minds could arrive at only one conclusion. *See Lennon v. Pieper*, 411 N.W.2d 225, 228 (Minn.App.1987) (*citing Vanderweyst v. Langford*, 303 Minn. 575, 576, 228 N.W.2d 271, 272 (1975)). Even if the city and the officer are not immune from liability, the trial court concluded the officer's driving conduct was not the proximate cause of the child's death. The record demonstrates Gaines' car, not the officer's car, struck and killed the boy. Under these facts, reasonable minds would agree that the officer's driving conduct was not the proximate cause of the child's death.

■ The parents argue the officer's conduct was the proximate cause because the tragedy was foreseeable from a high speed chase through a residential neighborhood on a school day afternoon. We disagree. In order for the officer's conduct to be a proximate cause of the child's death, either the officer's own driving must have been a substantial factor in bringing about the child's death or it must have been foreseeable that his own driving would cause such damage. *See Lennon*, 411 N.W.2d at 228 (citing *Ponticas v. K.M.S. Investments*,

331 N.W.2d 907, 915 (Minn.1983)). The mere foreseeability that a fleeing suspect might cause damage is not sufficient to make the pursuing officer's driving the proximate cause of that damage, especially when (as here) the parents have failed to produce evidence that the officer's own manner of driving brought about the child's death. Accordingly, the majority of jurisdictions which have addressed this issue have found that an officer's decision to pursue is not the proximate cause of an accident.

> The proximate cause of the accident was not the manner in which [the officer] drove his police vehicle but rather the manner in which the pursued traffic violator drove his vehicle.

*Oberkramer v. City of Ellisville,* 706 S.W.2d 440, 442 (Mo.1986); *see also State of W.V. v. Fidelity & Casualty Co. of N.Y.,* 263 F.Supp. 88, 90–91 (S.D.W.Va. 1967); *Huddleston v. City of Charleston,* 144 Ill.App.3d 1077, 1080–81, 99 Ill.Dec. 17, 19–20, 495 N.E.2d 82, 84–85 (1986); *Bratt v. City & County of San Francisco,* 50 Cal.App.3d 550, 554–55, 123 Cal.Rptr. 774, 776–77 (1975).

Summary judgment is appropriate as a matter of law because the parents failed to offer evidence of an essential element of their negligence claims against the city and the officer. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### III.

A municipality is liable for the torts of its employees acting within the scope of their employment. Minn.Stat. § 466.02 (1986); *accord* Minn.Stat. § 3.736, subd. 1 (1986) (state liability). A narrow exception precludes government liability for

> any claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

Minn.Stat. § 466.03, subd. 6 (1986); *see also* Minn.Stat. § 3.736, subd. 3(b) (1986) (state exception). The underlying purpose of this discretionary act exception is to prevent the use of tort actions to promote judicial interference with policymaking activities that are legislative or executive in nature. *Holmquist v. State,* 425 N.W.2d 230, 231 (Minn.1988); *Nusbaum v. Blue Earth County,* 422 N.W.2d 713, 718 (Minn. 1988). The issue before us is whether the school district's adoption and implementation of the student transportation policy is a protected planning level decision or an unprotected operational level decision. *See Nusbaum,* 422 N.W.2d at 719.

Planning level decisions involve evaluation of financial, political, economic, and social ramifications of a plan or policy. *Holmquist,* 425 N.W.2d at 232. By contrast, operational level decisions involve decisions relating to the ordinary day-to-day operations of government. The focus of the inquiry, then, is on whether the challenged conduct involved

> a balancing of policy with political, economic, and social considerations or, alternatively, whether it involved merely a professional or scientific judgment.

*Nusbaum,* 422 N.W.2d at 720. Another significant consideration is the extent to which the threat of liability would impair the effective performance of governmental functions. *Cairl v. State,* 323 N.W.2d 20, 23 n. 3 (Minn.1982).

The logistics of transporting children to and from school rest with the school board. *See* Minn.Stat. § 123.39, subd. 1 (1986). Pursuant to that authority, the school district adopted a policy providing that the individual student has the responsibility to get on the bus at the appropriate time. The discretionary function exception is designed to ensure that courts do not attempt "to control the discretion vested in a legally constituted educational board or to substitute our judgment for the judgment of such board upon a question which is within the sphere of its authority." *Brown v. Wells,* 288 Minn. 468, 474, 181 N.W.2d 708, 711 (1970).

The parents argue either (1) the exception is not applicable because the school deviated from the policy and took on the added responsibility of getting the students on the bus, or (2) the school was

negligent in the implementation of the policy. We disagree. Even if the school did more than required under the district policy, it did not undertake the responsibility of making sure that all 600 students made it safely home. *See Stucci v. City of St. Paul,* 403 N.W.2d 850, 851 (Minn.App.1987) (where a policymaking body makes a protected, discretionary decision not to assume responsibility for an activity, no duty arises by a failure to supervise that activity), *pet. for rev. denied* (Minn. May 28, 1987). Since the school had no duty to make sure the students were on the bus, the issue of negligence in the implementation of the policy does not arise. Under these facts, the trial court properly granted summary judgment to the school district.

## DECISION

An officer's decision to pursue a fleeing criminal suspect involves the exercise of discretion. Thus, the officer is protected from liability by the doctrine of official immunity, absent a showing of willful or malicious conduct. Under the facts of this case, the fleeing criminal suspect was the proximate cause of the child's death. The school district is entitled to discretionary immunity under Minn.Stat. § 466.03, subd. 6 for its decisions and actions relating to student transportation. Under these circumstances, summary judgment in favor of the officer, the city, and the school district is proper.

Affirmed.