A93A0416. MIXON v. CITY OF WARNER ROBINS et al.
(434 SE2d 71)

JOHNSON, Judge.

City of Warner Robins traffic officer Jeffrey T. Dumont was stationed at an intersection in a residential neighborhood after the police department received several citizen complaints that motorists were running a stop sign there. He observed a car run the stop sign traveling at a speed of approximately 25-30 mph. The driver was later identified as James Franklin Cornelius. Dumont activated his siren and lights and pulled in behind Cornelius, but Cornelius refused to stop. As departmental policy required in such situations, Dumont radioed dispatch and informed the operator that he was in pursuit of a suspect. After several blocks, Dumont was able to see Cornelius' tag number and read it to the dispatcher. At that point, Dumont ceased his pursuit of Cornelius and slowed down in anticipation of an approaching intersection. Cornelius did not slow down, did not stop at the stop sign controlling the intersection, and collided with a car driven by Cindy Mixon, killing her instantly. The entire pursuit lasted less than one minute, and covered a distance of about 3,500 feet. Cornelius pled guilty to first degree vehicular homicide, fleeing from a police officer, and driving with a suspended license. Jerry C. Mixon, individually and as administrator of the estate of his late wife, sued the City of Warner Robins, Dumont, and Cornelius. Cornelius is not a party to this appeal.

The trial court granted a motion for summary judgment filed by

the city and Dumont, finding that the actions of Cornelius were the sole proximate cause of the collision. Mixon appeals that ruling, as well as the trial court's denial of a motion to compel the city to produce Dumont's personnel records and the file of the internal investigation which the police department conducted after the collision.

1. Mixon asserts that the trial court erred in granting summary judgment to the city and Dumont by finding that Dumont's actions were not a contributing proximate cause of the collision. The parties to this appeal have cited cases from 33 foreign jurisdictions. The trial court relied on two Georgia cases, *Sammor v. Mayor &c. of Savannah*, 176 Ga. App. 176 (335 SE2d 434) (1985) and *Peeples v. City of Atlanta*, 189 Ga. App. 888 (377 SE2d 889) (1989).

In *Sammor*, a police officer observed an individual speeding through an intersection. The officer pulled onto the street, "activated his emergency lights and siren, notified headquarters of the situation over his radio, and began following the vehicle." Id. at 176. The fleeing suspect's car collided with a third party's car at an intersection. The collision in *Sammor*, as in this case, occurred a few blocks from the officer's first observation of the speeding car. Mixon attempts to distinguish the facts of *Sammor* on the basis that in *Sammor* the offender was already speeding when the police began to pursue him. In this case the pursuit was prompted by the running of a stop sign. Mixon theorizes that Dumont's pursuit caused Cornelius to accelerate, thus causing the collision.[1] After failing to obey the statutory duty to stop when the officer attempted to pull him over, Cornelius failed to stop at the stop sign controlling the intersection at which the collision occurred and collided with the car driven by the decedent. The offense giving rise to the pursuit *and* the collision in *Sammor* was speeding; in this case, the pursuit *and* the collision were predicated on Cornelius' refusal to stop at stop signs. Therefore, the factual distinction between the two cases is noted but of no consequence.

*Sammor* does not announce any general rule or provide any guiding principle to be used by trial courts in deciding the issue presented. Instead, it relies upon a finding that as a matter of law under the particular facts of that case the actions of the officer were too remote to be a contributing proximate cause of the plaintiff's injury.

Appellant is correct in pointing out that *Peeples*, supra, is not fundamentally a proximate cause case. Rather, this court was asked to review sovereign immunity and related liability issues arising out of a collision in which a stolen car being chased by a City of Atlanta

---

[1] In his deposition, Cornelius testified that he panicked when he saw the police car behind him because he did not have his driver's license with him. In fact, his license had been suspended.

police officer collided with a car being driven by Millie Ann Peeples. In the analysis, however, we concluded that "Plaintiff's decedent's death was due to the negligence or wilful misconduct of a fleeing felon in running a red light and as a consequence thereof striking the decedent's car." *Peeples*, supra at 891.

We attach no importance to the fact that the police officer in *Peeples* was pursuing a fleeing felon rather than a fleeing misdemeanant, as was the case in the action below. This must be so because when a driver flees the police trying to stop him for a traffic violation it would place an impossible burden on the officer to determine in a split second whether the offense for which the offender is ultimately charged will be a misdemeanor or a felony.

We recognize that there may be instances in which the actions of a police officer, at either the point at which a decision to pursue an offender is made or in the manner in which the pursuit is maintained, could lead to a rational inference that the officer's conduct was the proximate cause or a contributing proximate cause of an injury. Nonetheless, "Construing the evidence in favor of the appellant[s], and otherwise affording [him] the benefit of every doubt, the only rational inference which can be drawn from these facts is that Officer [Dumont's] actions did not constitute a proximate cause of the collision." *Sammor*, supra at 177-178.

We have reviewed the cases from foreign jurisdictions, as well as those Georgia cases relied upon by the trial court, addressing the issue of proximate cause in situations involving police pursuit in order to articulate for the first time in Georgia a general rule to guide the trial courts in their consideration of these cases. Cases of this nature involve a balancing of public policy interests, and the adoption of a general rule allows everyone to understand in advance the standards to which police officers will be held in such cases so that they may govern their conduct accordingly.

Police officers have a duty to apprehend lawbreakers and society has a strong interest in allowing the police to carry out that duty without fear of becoming insurers for the misdeeds of the lawbreakers they pursue. The general public also has a significant interest in not being subjected to unreasonable risks of injury as the police carry out their duties under circumstances which require them to pursue fleeing suspects.

At least ten jurisdictions have held that as a matter of law the police officer's pursuit of a fleeing suspect did not constitute the proximate cause of a third party's injuries and instead place the blame solely upon the conduct of the fleeing suspect.[2] As we noted above,

---

[2] See, for example, *Roll v. Timberman*, 94 N. J. Super. 530 (229 A2d 281) (1967); *Cham-*

and as many of the courts of these various jurisdictions also noted, we can imagine instances where the officer's conduct could subject the public to a greater risk than is ordinarily incident to high-speed police pursuit, and thus could be rationally found to be a contributing proximate cause of the injury to a third party. We choose not to formulate a rule that would say in every case, as a matter of law, that the pursuit by police is not a contributing proximate cause in those cases where the fleeing suspect injures a third party as some of these jurisdictions have come very close to holding. However, we also find unpersuasive and decline to follow the rule adopted in a few jurisdictions which makes the issue a jury question in every case.[3]

We now establish a rule which we believe strikes the best balance between the conflicting public policies. We hold that when a police officer is pursuing a fleeing suspect, and the suspect injures a third party as a result of the chase, the officer's pursuit is not the proximate cause nor is it a contributing proximate cause of those injuries unless the plaintiff can show that the conduct of the police officer, either in initiating or continuing the pursuit, was such that it posed a higher threat to public safety than is ordinarily incident to high-speed police pursuits. Such was not the case here, and the trial court did not err in entering summary judgment in favor of Officer Dumont and the City of Warner Robins.

2. In his second enumeration of error, appellant asserts that, after reviewing the two files in camera, the trial court erred in finding that the internal investigation was "material prepared by the City of Warner Robins in anticipation of litigation" and that Dumont's personnel file did not contain any information which would lead to the discovery of evidence admissible on the trial of the case. In light of our holding in Division 1 above, we need not reach this issue, but note that absent abuse, "[an] appellate court will not interfere with the trial court's exercise of its discretion and '(t)his policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act.' [Cit.]" *Boykin v. Preferred Risk Ins. Co.*, 164 Ga. App. 485 (297 SE2d 496) (1982). See *Irvin v. Macon Tel. Pub. Co.*, 253 Ga. 43 (316 SE2d 449) (1984); *Ath-*

---

bers v. Ideal Pure Milk Co., 245 SW2d 589 (Ky. Ct. App. 1952); *Reenders v. City of Ontario*, 68 Cal. App. 3d 1045, 137 Cal. Rptr. 736 (1977); *State of West Virginia v. Fidelity &c. Co. of New York*, 263 FSupp. 88 (S. D. W. Va. 1967); *Thornton v. Shore*, 233 Kan. 737 (666 P2d 655) (1983); *Pletan v. Gaines*, 481 NW2d 566 (Minn. App. 1992); *Huddleston v. City of Charleston*, 495 NE2d 82 (Ill. App. 4 Dist. 1986); *Kennedy v. City of Spring City*, 780 SW2d 164 (Tenn. 1989); *McMillan v. Newton*, 306 SE2d 470 (N. C. 1983); *Oberkramer v. City of Ellisville*, 706 SW2d 440 (Mo. 1986). Compare *City of Miami v. Horne*, 198 S2d 10 (Fla. 1967).

[3] See, for example, *Travis v. City of Mesquite*, 830 SW2d 94 (Tx. 1992); *Seals v. City of Columbia*, 575 S2d 1061 (Ala. 1991).

*ens Observer v. Anderson*, 245 Ga. 63 (263 SE2d 128) (1980).
*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 22, 1993 —
RECONSIDERATION DENIED JULY 13, 1993 —

*Davis, Gregory & Christy, Hardy Gregory, Jr., O'Neal, Brown &
Sizemore, Manley F. Brown, Carl A. Veline, Jr.*, for appellant.
*Jones, Cork & Miller, Charles L. Ruffin, David A. Pope, Warren
C. Grice*, for appellees.