### A94A1908. THOMPSON et al. v. PAYNE.

(453 SE2d 803)

BIRDSONG, Presiding Judge.

We granted this interlocutory appeal of the trial court's denial of summary judgment to defendant Randall Thompson in this personal injury suit brought by plaintiff Ruth Emily Payne against Thompson and his superior, Wesley C. Walraven, Sheriff of Forsyth County, and also against a criminal suspect. Payne claims injuries as a result of defendant Thompson's police pursuit of a fleeing DUI and burglary suspect. According to plaintiff's statement of the facts, Deputy Thompson was chasing the suspect in a southbound direction; the two vehicles approached a curve to the right, that is, the southbound lane was on the inside of the curve. Appellee Payne was approaching the curve traveling north. According to defendants' version of the evidence, when the deputy saw that the fleeing suspect's vehicle was going to collide with an oncoming car in the northbound lane, he left the roadway to his left, that is, to the shoulder of the northbound lane in which plaintiff had been traveling, and he was "safely" parked on the side of the road when the suspect's vehicle collided with plaintiff's vehicle and knocked it into the deputy's vehicle. According to plaintiff's view of the evidence, however, both chase vehicles departed from the right lane and crossed the centerline in the curve, and both vehicles crashed into the vehicle driven by Mrs. Payne, who was driving in her own lane. In her affidavit in response to appellants' motion for summary judgment, plaintiff affied that the fleeing suspect and the defendant deputy were going too fast for safe travel on the wet roadway; it was raining when both defendants struck her and they were going too fast to stop on the wet pavement; the deputy could see plaintiff for at least 1,000 feet before his vehicle struck her vehicle; both chase vehicles crossed over the centerline of the highway; and the deputy traveled on the plaintiff's side of the road for at least 300 feet before his vehicle struck her vehicle.

Appellants contend that summary judgment to defendant Thompson is called for by the rule announced in *Mixon v. City of Warner Robins*, 209 Ga. App. 414, 417 (434 SE2d 71) that when a fleeing suspect injures a third person, the officer's pursuit is not the proximate or contributing proximate cause of any injuries unless the

plaintiff can show that the conduct of the officer, either in initiating or continuing the pursuit, posed a higher threat to public safety than is ordinarily incident to high speed police pursuits. *Held:*

OCGA § 40-6-6 (d) provides that an officer who is operating a law enforcement vehicle in pursuit of a suspected criminal "shall not [be] relieve[d] . . . from the duty to drive with due regard for the safety of all persons." In *Mixon*, supra, the only collision was between the fleeing suspect and the third party; on certiorari, the Supreme Court phrased the issue as whether the officer's duty to apprehend criminal suspects is paramount to his duty to other drivers, such that a suspect's "intervening act" of flight mandates the conclusion that as a matter of law no duty was owed by an officer to protect another driver from an injury which in fact was caused by the continuing pursuit. See *Mixon v. City of Warner Robins*, 264 Ga. 385 (444 SE2d 761). The Supreme Court reversed our decision in *Mixon* and held that under OCGA § 40-6-6 (d), "an officer's performance of his professional duty is *not* to be considered paramount to the duty that he owes to other members of the driving public" (id. at 387), for while it is desirable that the officer overtake and apprehend a fleeing criminal, it is equally important that innocent persons not be maimed or killed. Id., quoting *Archer v. Johnson*, 90 Ga. App. 418, 424 (83 SE2d 314). OCGA § 40-6-6 (d) precludes an avoidance of civil liability simply because the officer was in the performance of his professional duty when another driver was injured; the controlling factor in civil liability of an officer is not whether the injury was actually inflicted by the fleeing suspect rather than the officer, for the proper standard of inquiry in determining the officer's liability to other drivers is *whether, under all the circumstances and conditions, the officer's act of pursuing a criminal suspect's vehicle was performed without the requisite due regard for the safety of all persons.* Id. "Thus, the officer's avoidance of civil liability cannot derive from the mere intervening flight of the criminal suspect, but is solely dependent upon the officer's own adherence to his duty to drive with the requisite due regard for the safety of others. Accordingly, if a vehicular pursuit is undertaken or performed without the requisite due regard for the safety of all persons and an injury occurs as the consequence, the officer can be held civilly liable even though the injury was actually inflicted by the fleeing criminal suspect." Id. at 388. There is no special statutory provision excepting police officers from the general legal standards for proximate cause; *the decision to initiate or continue pursuit may be negligent when the heightened risk of injury to third parties is unreasonable in relation to the interest in apprehending suspects.* Id. at 389, citing *Travis v. City of Mesquite*, 830 SW2d 94, 98-99 (Tex. 1992).

The Supreme Court concluded summary judgment for the officer

in *Mixon* was authorized only if the evidence, construed favorably to the plaintiff, "demanded a finding that [the officer] properly balanced the risk to the safety of other drivers and that, in his pursuit of [the fleeing suspect], he therefore acted with due regard for the safety of other drivers." Id. at 389 (2). Whether an officer in pursuit of a criminal suspect exercised the care required by law will generally be a question for the jury, as are other questions of negligence; it is only in a plain and undisputed case that the courts, rather than the jury, can make that determination. Id. at 389-390.

We conclude that the evidence in this case, construed in favor of the plaintiff on defendant Thompson's motion for summary judgment, does not demand a finding that Deputy Thompson properly balanced the risk to the safety of other drivers and that in his pursuit of the fleeing suspect he acted with due regard for the safety of other drivers. According to the Supreme Court's decision in *Mixon*, it is not controlling that the fleeing suspect's acts were an "intervening" cause of the plaintiff's collision with Deputy Thompson's car, nor is it controlling that Thompson's vehicle left the roadway and would not have collided with plaintiff's car if the suspect's car had not propelled plaintiff's car into the deputy's car. It remains for the jury to determine whether, under all the circumstances and conditions, the officer's *act of pursuing* the suspect's vehicle (including his decision to initiate and continue the pursuit) was performed with the requisite due regard for the safety of all persons. *Mixon* at 387.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 2, 1995.

*Sullivan, Hall, Booth & Smith, Roger S. Sumrall, David G. Goodchild, Jr.*, for appellants.
*Lynwood D. Jordon, Jr.*, for appellee.