A98A1574. PAYNE v. THOMPSON et al.
(507 SE2d 257)

BEASLEY, Judge.

Both Officer Thompson's police car and the vehicle driven by the man he was pursuing struck the car Ruth Emily Payne was driving. Alleging negligence, Payne sued these two men plus the officer's employer for damages.

This case first appeared before this Court as an interlocutory appeal, in which we affirmed the denial of summary judgment to defendants.[1] Following trial, the jury returned a defendants' verdict. Payne's motion for new trial was denied. Her sole enumeration of error on appeal is that the court erroneously charged the jury on certain principles of negligence and liability.

In her notice of appeal Payne specifically excluded the transcript of the evidence and included only the transcript of the court's charge to the jury.

The void created by the omission is problematic. As stated in *Layne v. Rosenfeld,*[2] "even though there may be error in the charge, we cannot determine whether this error is harmful in the absence of a transcript of the evidence. If the evidence should have demanded the verdict found by the jury, the instructions, even if error, would have been harmless and not cause for new trial, and since the burden and duty of affirmatively showing injury as well as error rests upon the appellant, and such injury does not affirmatively appear in the absence of the transcript of the evidence, we must . . . affirm the judgment of the trial judge in overruling the motion for new trial."

Similarly, *Johnson v. Bruno's, Inc.*[3] explained that "it is well recognized that charging errors can, under certain circumstances, be rendered harmless and not result in reversible error. Without access to a trial transcript, we would be unable to determine accurately whether any resulting charging error was harmless, and for this separate and independent reason, we also would be compelled to affirm the judgment. . . ." In addition to *Layne* and *Johnson,* on at least four other occasions this Court has refused to consider charging errors where no complete transcript or an equivalent was included in

[1] See *Thompson v. Payne,* 216 Ga. App. 217 (453 SE2d 803) (1995).
[2] (Citations omitted.) 122 Ga. App. 839, 840 (178 SE2d 920) (1970).
[3] (Citations omitted.) 219 Ga. App. 164, 166 (4) (464 SE2d 259) (1995).

the record.[4]

True, *Foskey v. Foskey*[5] held that erroneous charges are "presumed to be prejudicial and harmful . . .," but this is not conclusive because "the presumption of harm which arises from a charging error [may be] overcome by a review of the record as a whole."[6] Jury charges must be adjusted to the evidence.[7] The appellate court presumes that the trial court discharges its duty in compliance with the law based on the evidence before it, so in the absence of a transcript we affirm where the enumeration of error requires a review of the transcript.[8] The alleged charging errors in this case require such a review, for they would not result in reversal if the transcript revealed they did not affect the verdict.[9]

Moreover, on its face the first charge appears correct as it is nothing more than an instruction that if no negligence is found, there is no liability. The second charge is not targeted in a separate enumeration as required by OCGA § 5-6-40.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 25, 1998.

*Lynwood D. Jordan, Jr.,* for appellant.
*Hall, Booth, Smith & Slover, Roger S. Sumrall,* for appellees.

---

[4] See *Whitby v. Maloy*, 150 Ga. App. 575, 576 (2) (258 SE2d 181) (1979); *Derryberry v. Higdon*, 116 Ga. App. 381, 383 (2) (157 SE2d 559) (1967); *Bishop v. Peoples Loan &c. Corp.*, 101 Ga. App. 53, 58 (8) (113 SE2d 161) (1960); *Gulick v. Mulcahy*, 95 Ga. App. 158 (97 SE2d 362) (1957).

[5] (Citation and punctuation omitted.) 257 Ga. 736, 737 (2) (363 SE2d 547) (1988).

[6] (Citation omitted.) *Roberts v. State*, 267 Ga. 669, 676 (10) (d) (482 SE2d 245) (1997).

[7] *Carter v. State*, 224 Ga. App. 445, 448 (1) (481 SE2d 238) (1997); *Toole v. Brownlow & Sons Co.*, 151 Ga. App. 292, 296 (3) (259 SE2d 691) (1979).

[8] *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990); see, e.g., *Dalton v. Vo*, 230 Ga. App. 413, 414 (3) (497 SE2d 245) (1998); *Gaddis v. Skelton*, 226 Ga. App. 325, 326-327 (486 SE2d 630) (1997).

[9] See, e.g., *Gavin v. Vasquez*, 261 Ga. 568, 570 (407 SE2d 756) (1991); *Ross v. State*, 192 Ga. App. 850, 851 (4) (386 SE2d 721) (1989); *Barton v. State*, 188 Ga. App. 237, 238 (372 SE2d 647) (1988).